**Rolando CUNANAN, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 87–7374.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 1988.

Decided Sept. 8, 1988.

Marc Van Der Hourt, National Lawyers Guild, San Francisco, Cal., for petitioner.

Richard L. Chamovitz, Dept. of Justice, Washington, D.C., for respondent.

Before PREGERSON, BOOCHEVER and BEEZER, Circuit Judges.

PREGERSON, Circuit Judge:

The Board of Immigration Appeals (BIA) denied Rolando Cunanan's request for voluntary departure to the Philippines.[1] Cunanan appeals. He contends that the BIA abused its discretion when it denied him voluntary departure by relying on hearsay declarations while denying him the

1. Section 244(e) of the Immigration and Nationality Act provides, in part:

The Attorney General may, in his discretion, permit any alien under deportation proceedings ... to depart voluntarily from the

opportunity to cross-examine the government's absent witness.

At the heart of this appeal is the admissibility of two documents. Both were introduced into evidence at the hearing before the Immigration Judge (IJ) and were relied on by the BIA on appeal. The first is an affidavit, purportedly written by Cunanan's wife, Sandra Cesa. In the affidavit, Cesa states that she never intended to live with Cunanan and that she married him "after becoming friends with his family and being offered two thousand dollars...."

The second document is a "Record of Deportable Alien" (form I–213). This form contains the same accusatory information found in the affidavit, information which allegedly was reported by Officer Turner to a "Receiving Officer." The information in both the form I–213 and the affidavit was discussed in an alleged interview between Officer Turner and Sandra Cesa. We hold that, in the circumstances presented, the BIA's reliance on these hearsay documents was fundamentally unfair and that, by relying on these documents in denying Cunanan's request for voluntary departure, the BIA abused its discretion.

## STANDARD OF REVIEW

The decision to grant a request for voluntary departure is a matter within the discretion of the BIA. *Cuevas–Ortega v. INS*, 588 F.2d 1274, 1278 (9th Cir.1979). We review the agency's exercise of discretion to determine whether its decision to deny voluntary departure was arbitrary and capricious. *Id.*

## DISCUSSION

*The BIA abused its discretion in denying voluntary departure because hearsay statements were unfairly admitted in evidence.*

Cunanan contends that the BIA abused its discretion by relying on the affidavit

United States at his own expense in lieu of deportation if such alien shall establish to the satisfaction of the Attorney General that he is, and has been, a person of good moral character....

8 U.S.C. § 1254(e) (1982).

A grant of voluntary departure allows a deportable alien to leave the country without suf-

and the form I–213. According to these documents, Cesa married Cunanan as a favor to his family, for which she was to be paid two thousand dollars. Cunanan testified that he married Cesa because he found her to be "wife material," and because he wanted to settle down and become a legal resident. Relying on Cesa's unsupported affidavit, the BIA concluded that Cunanan had entered into a sham marriage to gain citizenship. Accordingly, the BIA denied his request for voluntary departure.

Under the Federal Rules of Evidence, both the affidavit and the form I–213 would have been inadmissible as hearsay. *See* Fed.R.Evid. 801. But administrative proceedings are not controlled by strict rules of evidence; the law requires only that an alien be afforded due process. *de Hernandez v. INS*, 498 F.2d 919, 921 (9th Cir.1974) (citing *Navarrette–Navarrette v. Landon*, 223 F.2d 234 (9th Cir.1955), *cert. denied*, 351 U.S. 911, 76 S.Ct. 700, 100 L.Ed. 1445 (1956)). In deportation proceedings, the test for admissibility is whether the hearsay statement is "probative" and whether its admission is "fundamentally fair." *Baliza v. INS*, 709 F.2d 1231, 1233 (9th Cir.1983).

Cunanan argues that admission of these documents was fundamentally unfair because the government made no effort to produce the declarant, Sandra Cesa, thereby unreasonably depriving him of the opportunity to cross-examine her.

Aliens in deportation proceedings must be given "a reasonable opportunity ... to cross-examine witnesses presented by the government." 8 U.S.C. § 1252(b)(3) (1982). We have, however, upheld the admissibility of hearsay statements in some agency cases where the declarant did not appear as a witness. *See e.g., Baliza*, 709 F.2d at

fering the consequences of a formal deportation order. A deported alien is excludable from the country for five years, 8 U.S.C. § 1182(a)(17) (1982), and commits a felony if he or she ever returns without permission. 8 U.S.C. §§ 1252(f), 1326 (1982).

1234 (citing cases). But we have also recognized that the statutory purposes behind § 1252(b)(3) would be frustrated, "if the government's choice whether to produce a witness or to use a hearsay statement [were] wholly unfettered." *Id.* In *Baliza*, we held that admission of a hearsay affidavit of petitioner's ex-wife was fundamentally unfair because the government made no reasonable effort to produce the ex-wife before the hearing. *Id.*

 As in *Baliza*, the government attorney in the instant case failed to make efforts to produce Cunanan's wife. When asked by the IJ if the government planned to present Sandra Cesa for cross-examination, the government attorney responded, "[w]e would attempt to find her, Your Honor. We can try." The government then succeeded effectively to shift the burden of producing its witness onto Cunanan, convincing the IJ that, "Mr. Kaufman [Cunanan's counsel] and the Respondent knew the hearing was today and either of them could ask the wife to also appear since they wanted to cross-examine."

The government suggests that, because Cunanan has the burden of proving eligibility for and circumstances warranting voluntary departure, he also has the burden of producing a government's hearsay declarant that he may wish to cross-examine. This suggestion runs contrary to the controlling principle in this case, that the government must make a reasonable effort in INS proceedings to afford the alien a reasonable opportunity to confront the witnesses against him or her. *See Baliza*, 709 F.2d at 1234; *Bachelier v. INS*, 625 F.2d 902, 904 (9th Cir.1980). In the instant case, Cunanan was unaware of Sandra Cesa's affidavit until the hearing date, and therefore could not have known that cross-examining her would be essential to his defense. Without this information, and without the government having made a reasonable effort to present Sandra Cesa as a witness, Cunanan was not afforded a reasonable opportunity to cross-examine her.

Cunanan's case is distinguishable from *Bachelier*. In *Bachelier*, we found that admission of hearsay affidavits did not violate the petitioner's due process or statutory rights. There the government both notified the petitioner in advance that it would use the affidavits and offered to move the hearings to Omaha, where the witnesses were located. The IJ gave the petitioner's attorney the option of going to Omaha and deposing the witnesses or sending written interrogatories. *Id.* at 904. Neither the government's attorney nor the IJ in this case made any efforts resembling those in *Bachelier*.

The BIA nevertheless used these hearsay documents to turn down Cunanan's request to depart the country voluntarily, without allowing him a reasonable opportunity to cross-examine the government's opposing witness. Because the government failed to make any reasonable effort to produce Sandra Cesa, its hearsay declarant, for cross-examination, the BIA's reliance on the hearsay documents was fundamentally unfair. The BIA therefore abused its discretion in denying petitioner voluntary departure.

Accordingly, the petition for review is granted, the decision and order of the Board of Immigration Appeals is vacated, and the case is remanded for further proceedings consistent with this opinion.