981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gabriel MEDINA-GONZALEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70345.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 17, 1992.
Decided Dec. 8, 1992.
 
 Before EUGENE A. WRIGHT, FLETCHER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gabriel Medina-Gonzalez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the denial of his application for voluntary departure under 8 U.S.C. § 1254(e) (1992). He argues that the immigration judge (IJ) erred by refusing to allow his witnesses to testify at the deportation hearing. He also contends that the BIA erred when it determined that he did not merit the favorable exercise of discretion. We have jurisdiction under 8 U.S.C. § 1105a(a), and we remand for further proceedings.
 
 
 3
 * Medina contends that the BIA erred by affirming the IJ's denial of his request for voluntary departure. He argues that it did not, indeed, could not, consider all the favorable equities without the benefit of the excluded testimony regarding the hardship he and his family would suffer. We review for an abuse of discretion the BIA's refusal to grant voluntary departure. In reviewing the BIA's decision the court may examine only whether discretion actually was exercised and whether the manner in which it was exercised was arbitrary and capricious. Abedini v. I.N.S., No. 91-70038, 1992 WL 214990, at * 4, 1992 U.S.App. LEXIS 20927, at * 10 - * 11 (9th Cir. Sept. 9, 1992). "[A]ll that is necessary is a decision that sets out terms sufficient to enable us as a reviewing court to see that the Board has heard, considered, and decided." Villanueva-Franco v. I.N.S., 802 F.2d 327, 330 (9th Cir.1986).
 
 
 4
 Under the Immigration and Nationality Act, the Attorney General may grant voluntary departure to an alien under deportation proceedings. 8 U.S.C. § 1254(e) (1992). An alien must demonstrate both statutory eligibility and equities to merit the favorable exercise of discretion. Villaneuva-Franco, 802 F.2d at 329. Section 1254(e) requires that an alien show (1) that he is able and willing to depart from the United States at his own expense, and (2) that he is, and has been for the preceding five years, a person of good moral character. The BIA in this case rested its denial of voluntary departure on discretionary grounds, not on statutory eligibility. In fact, it explicitly found that Medina met the requirements of statutory eligibility.
 
 
 5
 In exercising its discretion, the BIA must "consider expressly all relevant factors presented." See Dragon v. I.N.S., 748 F.2d 1304, 1306 (9th Cir.1984); Villanueva-Franco, 802 F.2d at 329-330. Relevant factors include "family and community ties." Id. at 330; Abedini 1992 WL 214990, 1992 U.S.App. LEXIS 20927, at * 12 And the BIA "is required to consider the cumulative effect of all emotional and economic hardship factors presented." Dragon, 748 F.2d at 1306.
 
 
 6
 Through the testimony of his girlfriend--fiancee and her mother, Medina intended to present the hardship which he and his family would suffer. His girlfriend-fiancee wished to testify about the hardship which would result to her, to her child (not biologically related to Medina), and to hers and Medina's then unborn child who is now their citizen child. Because the evidence was excluded by the IJ, one of the "positive equities [was] disregarded" both by the IJ and the BIA. See Mabugat v. I.N.S., 937 F.2d 426, 433 (9th Cir.1991). Accordingly, neither the IJ nor the BIA could "hear[ ], consider[ ], and decide[ ]" in order to exercise discretion in favor of voluntary deportation. We remand to the BIA for remand to the IJ for its receipt of the excluded testimony and consideration of the hardship factors.[1]
 
 II
 
 7
 Medina contends that his Fifth Amendment due process rights and statutory rights were violated because the IJ excluded the testimony of his girlfriend--fiancee and her mother concerning the hardship the family including Medina's unborn child would suffer if he were denied voluntary departure. Aliens are entitled by statute and regulation to specified legal protections, including a reasonable opportunity to present evidence in their own behalf. 8 U.S.C. § 1252(b) (1992); 8 C.F.R. § 242.16(a) (1992). Whether judged by the "prejudice" standard employed in collateral attacks on underlying deportations, United States v. Cerda-Pena, 799 F.2d 1374, 1379, 1379 n. 8 (9th Cir.1986), United States v. Nicholas-Armenta, 763 F.2d 1089, 1090-91 (9th Cir.1985), or the "fundamental fairness" standard relied upon in considering the admissibility of hearsay evidence, Cunanan v. I.N.S., 856 F.2d 1373, 1374 (9th Cir.1988), Medina's evidence as to the equities involved in a discretionary decision allowing him to voluntarily depart should not have been excluded. Without the testimony neither the IJ or the BIA could properly consider all the relevant factors as required in their exercise of discretion concerning voluntary departure. Because we remand for consideration of these factors, we do not reach the constitutional question.
 
 
 8
 Although Medina prevailed in this appeal, he has not prevailed on the merits. Accordingly, at this time, we make no award of attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).
 
 
 9
 The case is REMANDED to the BIA for further proceedings.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The fact that an alien fails to meet the criteria for any other relief sought is not a bar to a grant of voluntary departure. See Mabugat, 937 F.2d at 433