17 F.3d 393
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bahman ALEMAZKOUR, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 91-70599.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1994.
Decided Feb. 4, 1994.
 
 Before: SNEED, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bahman Alemazkour, a native and citizen of Iran, petitions for review of a final order of the Board of Immigration Appeals (BIA or Board) affirming the Immigration Judge's (IJ) order denying Alemazkour's request for a waiver of deportation pursuant to Sec. 212(c) of the Immigration and Nationality Act (Act), 8 U.S.C. Sec. 1182(c), for asylum pursuant to Sec. 208 of the Act, id. Sec. 1158, and for withholding of deportation under Sec. 243(h) of the Act, id. Sec. 1253(h). The BIA determined that, although Alemazkour presented outstanding or unusual equities warranting the consideration of discretionary relief under Sec. 212(c), negative factors in the record tipped the balance against granting relief. The BIA also found that, because Alemazkour presented no evidence demonstrating he would be persecuted if returned to Iran, he failed to demonstrate eligibility for asylum and so failed to merit withholding of deportation. We have jurisdiction, id. Sec. 1105a(a), and we deny the petition for review.
 
 
 3
 * Alemazkour, who has been a lawful resident alien continuously since 1964 and is eligible for discretionary relief under Sec. 212(c), argues that the Board's denial of his waiver application constitutes an abuse of discretion. We will uphold the Board's decision to deny relief unless it "fails to support its conclusions with a reasoned explanation based upon legitimate concerns." Vargas v. Department of Immigration & Naturalization, 831 F.2d 906, 908 (9th Cir.1987).
 
 
 4
 The IJ and the BIA followed the framework established in Matter of Marin, 16 I. & N.Dec. 581 (BIA 1978), which requires the IJ to "balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of section 212(c) relief appears to be in the best interests of this country." Id. at 584. Where the offense giving rise to the deportation order involves drugs, the BIA requires the alien to show "unusual or outstanding countervailing equities." Id. at 586 n. 4. We have upheld the BIA's use of a higher standard for drug offenders. Ayala-Chavez v. INS, 944 F.2d 638, 641 (9th Cir.1991).
 
 
 5
 Alemazkour argues that the BIA erred in giving insufficient consideration to the hardship that deportation would cause his family, particularly his three children, all of whom were born in the United States. We disagree. The BIA recognized that Alemazkour had shown "outstanding or unusual equities in his case" including his residence in the United States for more than 27 years, his substantial family ties in this country, and his nine years of honorable service in the armed forces.
 
 
 6
 The BIA also found, however, that negative factors precluded the grant of discretionary relief. Although Alemazkour's parents live in the United States, they live apart from and are not dependent upon him in any way. Alemazkour and his wife separated in 1986; although they reconciled for a brief time, she again left him, and at one time was forced to seek a temporary restraining order against him. The children have remained with their mother and receive public assistance. In addition, Alemazkour speaks (though he does not write) Farsi, and acquired skills in this country that would allow him to earn a livelihood in Iran.
 
 
 7
 Following its policy of considering evidence of rehabilitation, see Matter of Edwards, Int.Dec. 3134 at 8 (BIA May 2, 1990), the BIA found this factor to be "a very poor one" given Alemazkour's failure to abide by the terms of his court-ordered supervision (specifically, his refusal to submit to routine urinalysis), failure to notify his probation officer of his whereabouts, mistreatment of his wife and girlfriend, and denying use of cocaine after January 1990 at his Sec. 212(c) hearing even though he was convicted in February 1990 of possession of cocaine.[1]
 
 
 8
 Alemazkour argues that the equities in his case are at least as compelling as those in Matter of Buscemi, 19 I. & N.Dec. 628 (1988), and asks us to weigh the equities differently from the BIA. This we may not do; each case must be decided on its own facts. Because the BIA supported its conclusion with a reasoned explanation based on legitimate concerns, it did not abuse its discretion in affirming the order of deportation. Vargas, 831 F.2d at 908.
 
 II
 
 9
 Alemazkour argues that the BIA erred in rejecting his requests for asylum and withholding of deportation because he will be persecuted in Iran on account of his being a Christian in a Muslim society, his longtime residence in this country, his service in the United States military, his support for the former Shah of Iran, and his convictions for drug offenses. We disagree. Alemazkour lacked a well-founded fear of persecution, Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993), because he failed to present specific, direct evidence supporting any of these claims. Diaz-Escobar v. INS, 782 F.2d 1488, 1492 (9th Cir.1986).
 
 
 10
 Although there was evidence of Amnesty International reports that describe the procedures followed in the Islamic Revolutionary Courts, conditions in Iranian jails, and incidents of torture in that country, there is none that Alemazkour could reasonably expect to face any of these contingencies. Unlike this case, in Bastanipour v. INS, 980 F.2d 1129 (7th Cir.1992), there was evidence showing that the Iranian government might pay particular attention to Bastanipour's offense.
 
 
 11
 Because Alemazkour cannot show the well-founded fear of persecution required for a discretionary grant of asylum, he cannot, by definition, satisfy the higher burden required for withholding of deportation.[2] Diaz-Escobar, 782 F.2d at 1492.
 
 
 12
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Alemazkour's objections on hearsay and authentication grounds to the BIA's consideration of Exhibit 9, pertaining to his arrest record, are not well taken. The documents in Exhibit 9 are authenticated as official records of the INS. INS proceedings "are not controlled by strict rules of evidence; the law requires only that an alien be afforded due process." Cunanan v. INS, 856 F.2d 1373, 1374 (9th Cir.1988). In any event, the documents are within the business records and public records exceptions to the hearsay rule. Fed.R.Evid. 803(6), (8)
 
 
 [2]
 We need not consider the INS's argument that Alemazkour is ineligible for asylum on the ground that his second cocaine offense renders him an aggravated felon. 8 U.S.C. Sec. 1253(h)(2)(B)