19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sukhminder Singh SARANG, Petitioner
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70476.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1993.
Decided March 7, 1994.
 
 Before: GOODWIN, CANBY, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sukhminder Singh Sarang, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA") finding him deportable on the ground that he gained entry into the United States based on a fraudulent marriage, in violation of 8 U.S.C. Sec. 1182(a)(19) and Sec. 1251(a)(1). He also appeals the Board's denial of his request for voluntary departure and order that he be deported. We deny the petition.
 
 
 3
 Section 241(c) of the Immigration and Nationality Act creates a presumption of fraud if an alien obtains entry into the United States with an immigrant visa "procured on the basis of a marriage entered into less than two years prior to such entry of the alien and which, within two years subsequent to any entry of the alien into the United States, shall be judicially annulled or terminated."[1]
 
 
 4
 The immigration judge correctly noted that this presumption applied in this case because (1) the marriage between Tina Louise Bustos Romero and Sarang occurred on May 4, 1982; (2) Sarang entered the United States based upon that marriage on November 15, 1983; and (3) a divorce between Sarang and Bustos became final on July 25, 1984.
 
 
 5
 Thus, the respondent had the burden of coming forward with sufficient evidence to rebut the statutory presumption. We conclude that he has failed to show by a preponderance of the evidence that the marriage to Tina Bustos Romero was not entered into in order to evade the immigration laws. See Baliza v. INS, 709 F.2d 1231, 1233 (9th Cir.1983).
 
 
 6
 The immigration judge's decision that the marriage was fraudulent is a finding of fact that must be supported by "reasonable, substantial and probative evidence." 8 U.S.C. Sec. 1105a(a)(4); Baliza, 709 F.2d at 1232. Where the BIA adopts the decision of the immigration judge, as here, that decision is also reviewed under the substantial evidence standard. Turcios v. INS, 821 F.2d 1396, 1401 (9th Cir.1987).
 
 
 7
 We conclude that the factual determination that the Romero-Bustos marriage was entered into for immigration purposes was supported by substantial evidence. Such evidence included (1) the short periods of time between key events of the case chronology, (2) Ms. Romero's inconsistent testimony at the deportation hearing, (3) the testimony of Assistant U.S. Attorney Stephen Schroeder that Ms. Romero had admitted being paid to marry petitioner, and (4) the evidence suggesting petitioner's marriage to his first wife, Ms. Bilyeu was fraudulent.
 
 
 8
 There is no doubt that the sequence of events in this case raises substantial questions regarding the motive behind Sarang's marriages. His marriage to Ms. Bilyeu only three to four weeks after having met her and his divorce from her only four months thereafter are suspicious, particularly when viewed in conjunction with succeeding events. Two days after his divorce from Ms. Bilyeu, Sarang married Romero and they thereafter traveled to India, despite a disease that made it difficult for her to travel. While in India, his second wife filed a visa petition on his behalf and returned to the United States without Sarang. The respondent then entered the United States as an immediate relative spouse and immediately commenced living in Washington, rather than California, where his wife resided. Less than a year after his reentry into the United States, Sarang divorced his wife and returned to India to marry an Indian citizen. This chronology alone makes the respondent's purposes questionable.
 
 
 9
 In looking at Ms. Romero's testimony at the deportation hearing, the BIA correctly noted several material inconsistencies that called her testimony into question. For instance, Romero maintained that she did not marry Sarang for money. However, when questioned by the INS attorney, she could not recall whether anyone spoke to her about a payment for marrying petitioner, but added, "they may have." Administrative Record ("AR") at 141. She later stated that Sarang's neighbor, Ujigar Cheema, "said something about it." Id.
 
 
 10
 Furthermore, the hearsay testimony of Assistant United States Attorney Stephen Schroeder was properly used to impeach Romero's inconsistent testimony that her marriage to Sarang was entered into solely out of love. Fed.R.Evid. 613. Schroeder testified that Romero told him that Cheema had offered her $6000 to marry Sarang, but that she had only received some cash payments of rent and a major appliance.
 
 
 11
 Additional evidence supporting the BIA's factual determination that the Romero-Sarang marriage was fraudulent was evidence that Sarang's first marriage, to Sindy Bilyeu, was entered into for the sole purpose of gaining citizenship in the United States. Although Sarang was not charged on the basis of a fraudulent first marriage, the immigration judge and the BIA relied on it as circumstantial evidence supporting the finding of fraud in the second marriage.
 
 
 12
 Sarang contends that the written testimony of Ms. Bilyeu, submitted by way of interrogatories, was inadmissible hearsay. Ms. Bilyeu was in prison when the interrogatories were taken, but was on parole and the Government could have attempted to produce her for the deportation hearing.
 
 
 13
 Administrative proceedings are not bound by strict rules of evidence; the law requires only that an alien be afforded due process. Cunanan v. INS, 856 F.2d 1373, 1375 (9th Cir.1988); Baliza v. INS, 709 F.2d 1231, 1233 (9th Cir.1983)). In deportation proceedings, the test for admissibility of hearsay statements is whether the statement is probative and whether its admission is fundamentally fair. Cunanan, 856 F.2d at 1374.
 
 
 14
 Furthermore, aliens in deportation proceedings must be given "a reasonable opportunity ... to cross-examine witnesses presented by the government." 8 U.S.C. Sec. 1252(b)(3) (1982); Baliza, 709 F.2d 1231 (1983). The Ninth Circuit has, however, upheld the admissibility of hearsay statements in a number of cases in which the government was unable to produce the witness for cross-examination. See e.g., Baliza, 709 F.2d at 1234 (listing cases). Once again, the basic issue is whether the use of the hearsay evidence will render the proceedings fundamentally unfair. We find that the hearsay was cumulative evidence that did not render the proceedings unfair.
 
 
 15
 We do not condone the Service's failure to produce Ms. Bilyeu as a witness in this deportation proceeding. The Service knew for months that it would be using her hearsay statements and could have attempted to locate her. Despite this omission on the part of the Service, we believe it would be a waste of time and resources to remand this case for another hearing at which Ms. Bilyeu very well might refuse to testify on self-incrimination grounds.
 
 
 16
 The BIA, in rendering its decision, found that the Service's failure to attempt to locate Ms. Bilyeu necessarily impaired the reliability of the statements. Nevertheless, the BIA found that based on the totality of the evidence presented, Sarang had failed to rebut the statutory presumption that his marriage to Ms. Romero was fraudulent. We do not find the BIA decision unsupported by substantial evidence.
 
 
 17
 Finally, the BIA did not abuse its discretion when it concluded that the petitioner's scheme to enter the United States based on fraudulent marriages made him underserving of voluntary departure.
 
 
 18
 For the foregoing reasons, the decision of the BIA is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 This section was later redesignated by Sec. 602(a) of the Immigration Act of 1990 (IMMACT"), P.L. 101-649, as 8 U.S.C. Sec. 1251(a)(G)(i), with the older version applying to "deportation proceedings for which notice was provided to the alien before March 1, 1991." In this case, the INS filed an Order to Show Cause against Sarang on January 14, 1988