30 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rufino ACEVEDO-TOSCANO, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70382.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 1, 1994.*
Decided Aug. 4, 1994.
 
 Before: ALARCON, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rufino Acevedo-Toscano (Acevedo) seeks reversal of the denial by the Board of Immigration Appeals (Board) of his request for a suspension of deportation. On appeal, Acevedo contends that the Board erred as a matter of law by denying him (1) his due process right to an evidentiary hearing regarding the circumstances surrounding his 1991 firearms conviction; and (2) a suspension of deportation pursuant to section 244(a)(1), 8 U.S.C. Sec. 1254(a)(1) of the Immigration and Nationality Act of 1952. We affirm because we conclude that Acevedo waived his right to an evidentiary hearing. We also conclude he is not statutorily eligible for suspension of deportation because he has not resided in the United States continuously for ten years since his convictions for conspiracy to make a false statement in an immigration document, and possession of a firearm by an illegal alien.
 
 I.
 
 3
 Acevedo, a citizen of Mexico, entered the United States, at Detroit, Michigan, on April 16, 1986. On July 27, 1988, Acevedo was convicted of creating a false immigration document in violation of 8 U.S.C. Sec. 1160(b)(A)(ii). On November 20, 1991, he was convicted, pursuant to a guilty plea, of possessing a firearm in violation of 18 U.S.C. Sec. 922(g)(5), and conspiring to make a false statement in an immigration document in violation of 18 U.S.C. Sec. 371 and 18 U.S.C. Sec. 1546(a).
 
 
 4
 On December 9, 1991, the Immigration and Naturalization Service (INS) issued an order to show cause against Acevedo. The INS charged that Acevedo was deportable on four grounds: (1) entering the United States without a valid unexpired immigration visa in violation of 8 U.S.C. Sec. 1251(a)(1)(A); (2) procuring a visa by fraud or willful misrepresentation of material facts in violation of 8 U.S.C. Sec. 1251(a)(1)(A); (3) conviction of a firearms offense in violation of 8 U.S.C. Sec. 1251(a)(2)(C); and (4) conviction of immigration fraud in violation of 8 U.S.C. Sec. 1251(a)(3)(B)(iii).
 
 
 5
 On August 18, 1992, the immigration judge (IJ) granted Acevedo's motion for a continuance. On that date, the INS provided certified copies of Acevedo's 1988 and 1991 judgments of conviction to his attorney.
 
 
 6
 At the deportation hearing on September 22, 1992, Acevedo's attorney informed the IJ that his client admitted the first ten allegations in the order to show cause, but denied the factual allegations concerning the 1991 convictions for conspiracy to make a false statement in an immigration document and possession of a firearm by an illegal alien. The INS then introduced certified copies of the 1988 and 1991 judgments of conviction, Acevedo's immigrant visa, and Form I-213. No testimonial evidence was presented.
 
 
 7
 Defense counsel informed the IJ that Acevedo intended to make a request for suspension of deportation if he were found to be deportable. The INS informed the IJ that it would oppose this request because he is statutorily ineligible. The IJ instructed each party to submit a memorandum in support of its position.
 
 
 8
 On October 15, 1992, the IJ issued a written order in which he concluded that Acevedo was deportable and statutorily ineligible for suspension of deportation. The IJ reasoned that "[w]hile [Acevedo] has not conceded deportability, he has made no effort to controvert [his 1988 and 1991 judgments of conviction].... He has not contested the allegations of fact in [the Order to Show Cause]." The IJ determined that Acevedo's convictions rendered him ineligible for any relief from deportation pursuant to section 244(a)(2), 8 U.S.C. Sec. 1254(a)(2), because he was deportable under section 241(a)(2)(C), 8 U.S.C. Sec. 1251(a)(2)(C), for being an alien in possession of a firearm.
 
 
 9
 In his appeal to the Board, Acevedo argued that the IJ's refusal to hold an evidentiary hearing concerning the circumstances surrounding his conviction for possession of a firearm denied him due process. Acevedo also asserted that the IJ erred in concluding that he was not eligible for suspension of deportation. The Board held that the IJ's failure to grant an evidentiary hearing did not deprive him of due process. The Board also ruled that he was statutorily ineligible for suspension of deportation. The Board dismissed the appeal. Acevedo timely petitioned this court for review of the Board's decision.
 
 II.
 
 10
 In this appeal, Acevedo contends that the IJ and the Board deprived him of due process in failing to grant him an evidentiary hearing regarding the circumstances surrounding his 1991 firearms conviction. We review de novo claims of due process violations in deportation proceedings. Barraza-Rivera v. INS, 913 F.2d 1443, 1448 (9th Cir.1990).
 
 
 11
 "In a deportation hearing, an alien is entitled to the fifth amendment guaranty of due process, which is satisfied only by a full and fair hearing." Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990) (internal quotations and citations omitted). To prevail on a due process claim, the alien must show that the alleged procedural error was prejudicial. Id.
 
 
 12
 Acevedo asserts that the IJ erroneously denied him the opportunity to present evidence and cross-examine witnesses. He also asserts that he demonstrated a factual dispute regarding his 1991 convictions in his October 13, 1992 memorandum to the IJ. We disagree.
 
 
 13
 The record shows that on September 22, 1992, Acevedo admitted all of the allegations in the order to show cause except those concerning his 1991 convictions. During those proceedings the IJ directed Acevedo's counsel to file a memorandum to "raise any issue, either of law or fact with regard to the convictions." The IJ advised counsel that an evidentiary hearing would be held only if the memorandum indicated the existence of a disputed issue of fact concerning the alleged prior convictions.
 
 The IJ stated:
 
 14
 Now you understand that I'll be happy to give you [a hearing] if there is any issue of fact, but I tend to think that really what we're dealing with here is really a question of law. If you want [a hearing] on any issue of fact with regard to the question of eligibility to seek suspension of deportation, I want you to make that clear in your response to [the INS' motion.]
 
 
 15
 In his memorandum in support of suspension of deportation filed on October 13, 1992, Acevedo did not raise any issue of fact concerning his convictions. Instead, Acevedo argued that his 1991 convictions for conspiracy to commit immigration fraud, and for possession of a firearm, did not involve moral turpitude. Acevedo also contended that he was eligible for suspension of deportation pursuant to section 244(a)(1), 8 U.S.C. Sec. 1254(a)(1), because he has been present in the United States since 1985, he is a person of good moral character, and he and his family would suffer an extreme hardship if he were deported. Acevedo did not raise any objection to the documentary evidence offered by the INS at the deportation hearing.
 
 
 16
 Acevedo's failure to demonstrate the existence of a factual dispute concerning his 1991 conviction, when requested to do so by the IJ, constituted a waiver of his right to an evidentiary hearing. Therefore, the IJ's refusal to grant an evidentiary hearing was not a violation of Acevedo's due process rights.
 
 
 17
 Acevedo's reliance on Hernandez-Garza v. INS, 882 F.2d 945 (5th Cir.1989) and Cunanan v. INS, 856 F.2d 1373 (9th Cir.1988) to support his contention that the IJ erred in denying a hearing is misplaced. In Hernandez-Garza, the Fifth Circuit held that the IJ erred by preventing the alien from cross-examining a border patrol agent regarding his ability to read, speak and write in the Spanish language. 882 F.2d at 947-48. The border patrol agents' testimony was introduced during deportation proceedings to "buttress" the accuracy and reliability of an affidavit, written in the English language, by an alien who could not read, write, or speak English. Id. at 947. In reversing, the Fifth Circuit reasoned that the language skills of the agents were critical if the IJ "was to admit and give credence to the contents of [the alien's] affidavit." Id. at 948. Consequently, the attempt by the appellant to test the agents' fluency in Spanish "was appropriate and reasonable, and may have been the only meaningful way to measure the testimony used to corroborate [the alien']s affidavit." Id.
 
 
 18
 Hernandez-Garza is clearly distinguishable from the instant case. Acevedo did not challenge the fact that he had suffered the convictions set forth in the certified judgments offered by the INS to establish deportability and statutory ineligibility for suspension of deportation. Instead, he argued that they did not bar suspension of deportation as a matter of law.
 
 
 19
 In Cunanan, we held that the Board's reliance on an affidavit in denying a deportee the discretionary relief of voluntary departure was fundamentally unfair because the Government failed to make reasonable efforts to produce the affiant for cross-examination. 856 F.2d at 1375.
 
 
 20
 In this matter, Acevedo was given a reasonable opportunity to offer evidence demonstrating that he was entitled to a suspension of deportation. He did not avail himself of the opportunity.
 
 
 21
 Acevedo was not entitled to challenge the validity of his criminal convictions in this immigration proceeding. See De La Cruz v. INS, 951 F.2d 226, 228 (9th Cir.1991) ("[O]nce an alien has been convicted by a court of competent jurisdiction and exhausted the direct appeals to which he is entitled, his conviction is final for immigration purposes.") The Board properly held that the IJ was not required to hold an evidentiary hearing concerning the circumstances surrounding Acevedo's 1991 conviction.
 
 III.
 
 22
 Acevedo also contends that the Board erred by denying him a suspension of deportation pursuant to section 244(a)(1), 8 U.S.C. Sec. 1254(a)(1). "We review de novo the Board's determination of purely legal questions regarding the requirements of the Immigration and Nationality Act." Abedini v. INS, 971 F.2d 188, 190-91 (9th Cir.1992). The Board's denial of suspension of deportation is reviewed for an abuse of discretion. Torres-Guzman v. INS, 804 F.2d 531, 532 (9th Cir.1986).
 
 
 23
 Acevedo argues that the fact that he has been continuously present in the United States for at least seven years makes him eligible for suspension of deportation under section 244(a)(1) in spite of his criminal convictions. We disagree.
 
 
 24
 Pursuant to paragraph (2) of section 241(a), 8 U.S.C. Sec. 1251(a), an alien in the United States is deportable if, after entry, he is convicted of possessing a firearm. 8 U.S.C. Sec. 1251(a)(2)(C). An alien is also deportable pursuant to paragraph (3) of section 241(a), if he is convicted of conspiracy to violate the immigration laws relating to fraud and misuse of visas, permits, and other entry documents. 8 U.S.C. Sec. 1251(a)(3)(B)(iii).
 
 
 25
 The Attorney General has the discretion to suspend the deportation of an alien who, like Acevedo, is deportable pursuant to paragraphs (2) and (3) of section 241(a), provided the alien demonstrates, inter alia, that he or she has been continuously present in the United States for ten years following the commission of a crime constituting a ground for deportation. 8 U.S.C. Sec. 1254(a)(2).[1]
 
 
 26
 Because Acevedo's 1991 criminal judgment renders him deportable under paragraphs (2) and (3) of section 241(a), he is not eligible for suspension of deportation under section 244(a)(1), 8 U.S.C. Sec. 1254(a)(1). Thus, Acevedo's reliance on the seven year continuous presence provision of section 244(a)(1) is misplaced. Acevedo's convictions bar him from eligibility for suspension of deportation under section 244(a)(1). Because of his prior convictions, Acevedo was required to demonstrate that he has been continuously present in the United States for a period of not less than ten years following the conviction that constitutes a ground for deportation. 8 U.S.C. Sec. 1254(a)(2). Acevedo does not qualify for such relief because his convictions occurred fewer than ten years ago.
 
 
 27
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 244(a), 8 U.S.C. Sec. 1254(a) (1988 & Supp. III 1991) provides in pertinent part:
 (a) As hereinafter prescribed in this section, the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien (other than an alien described in section 241(a)(4)(D)) [8 USC Sec. 1251(a)(4)(D) ] who applies to the Attorney General for suspension of deportation and--
 (1) is deportable under any law of the United States except the provisions specified in paragraph (2) of this subsection; has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, ...; or
 (2) is deportable under paragraph (2), (3), or (4) of section 241(a), 8 U.S.C. Sec. 1251(a)(2), (3), or (4); has been physically present in the United States for a continuous period of not less than ten years immediately following the commission of an act, or the assumption of a status, constituting a ground for deportation....
 8 U.S.C. Sec. 1254(a)(1)-(2).