46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Celso Salazar MEDALLA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70713.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Dec. 16, 1994.*
Decided: Jan. 5, 1995.
 
 Before: HUG, CANBY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Celso Salazar Medalla, a citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the immigration judge's ("IJ") decision denying his request for voluntary departure. Petitioner contends that the IJ improperly found that he lacked candor with the Immigration Service and that the IJ gave inadequate consideration to petitioner's family ties in the United States. We have jurisdiction under 8 U.S.C. Sec. 1105a(a)(1), and we affirm.
 
 I.
 
 3
 The decision whether to grant a voluntary departure request is a matter within the discretion of the BIA. Cunanan v. INS, 856 F.2d 1373, 1374 (9th Cir. 1988). We review "only whether [the agency] actually exercised its discretion and whether it did so in an arbitrary and capricious manner." Abedini v. INS, 971 F.2d 188, 193 (9th Cir. 1992). In this case, we are reviewing the IJ's exercise of discretion because the BIA summarily affirmed and adopted the IJ's decision without exercising its own discretion. See Campos-Granillo v. INS, 12 F.3d 849, 852 (9th Cir. 1993).
 
 
 4
 We conclude that the IJ did not abuse its discretion in denying petitioner's request for voluntary departure. Under the Immigration and Naturalization Act, the IJ has the authority to grant voluntary departure in lieu of deportation. 8 C.F.R. Sec. 244.1 (1994). To be statutorily eligible for voluntary departure, petitioner must show that he has had good moral character for at least five years prior to the application. 8 U.S.C. Sec. 1254(e). In addition to the statutory requirements, petitioner must also show "equities meriting such treatment." Abedini, 971 F.2d at 192-93.
 
 
 5
 The IJ denied petitioner voluntary departure because it found that petitioner lacked candor with the Immigration Service. Petitioner contends that this was error. We do not agree. In three separate instances, persons acting on behalf of petitioner[1] submitted false information regarding petitioner's marital cohabitation. Presumably, as the IJ found, this was to give the impression that petitioner was cohabitating with his respective wives during the marital periods.
 
 
 6
 The three instances are as follows. First, petitioner's second wife, in her visa petition for petitioner, stated that she and petitioner lived together in Ukiah during their marriage. Petitioner himself testified that he lived in San Francisco, apart from his wife, during the marital period. Second, petitioner's third wife, also in her visa petition on behalf of petitioner, indicated that she was living with petitioner from 1986 until 1991, (the present time at filing of the visa petition). In fact, she had moved out in 1989. Finally, one of petitioner's sisters submitted a letter stating that petitioner's third wife lived with petitioner up until the present time.
 
 
 7
 Petitioner contends that each instance can be explained. First, the inconsistency with his second wife's statement can be reconciled because she had filed the petition after only five weeks of marriage. Second, petitioner contends that his third wife corrected her mistake on the second page of the visa petition. The INS, however, maintains that in a later form submitted to the Immigration Service she again incorrectly declared that she lived with him until 1991. Finally, petitioner contends that his sister's statement was substantially correct because his third wife frequently visited him at his residence, even though she moved out in 1989.
 
 
 8
 We do not find that the IJ acted arbitrarily or capriciously in denying petitioner's request for voluntary departure. Voluntary departure is a privilege, not a right. See Garcia-Lopez v. INS, 923 F.2d 72, 75 (7th Cir. 1991). As the IJ noted, the documents submitted on behalf of petitioner were intended "to give the impression that Mr. Medalla and his second and his third spouse were living in marital communities at the same addresses during the times of the marriages. [It would] facilitate an application for adjustment of status ... and would also tend to forestall or inhibit the investigation of a reasonable person into the good faith of the marriages. To have told the truth, on the other hand, would have undoubtedly slowed the adjudication process at the least and subjected the marriages to scrutiny." We agree that the misidentification of home addresses in the visa petitions and letter would have diverted the INS from investigating whether the marriages were entered into for sham purposes. Thus, we conclude that the IJ did not abuse its discretion in denying petitioner's request for voluntary departure on the ground that petitioner lacked candor with the Immigration Service. The IJ supported its decision with a reasoned explanation based on legitimate concerns. See Abedini, 971 F.2d at 193.
 
 
 9
 Petitioner also contends that the IJ gave inadequate consideration to his family ties within the United States. We do not agree.
 
 
 10
 The IJ's decision reveals careful consideration of petitioner's family ties. First, the court discussed petitioner's twenty-one year old daughter from his first marriage who was currently living with him. Because there was no testimony regarding the separation from his daughter, the IJ found that the separation would not create an extreme hardship for either petitioner or his daughter.
 
 
 11
 The IJ then discussed petitioner's four sisters living in the United States. Petitioner stated that it would "emotionally devastate him to live separately from them." Petitioner's eldest sister indicated that petitioner had assumed the role of father to the sisters since their father had died. The IJ noted, however, that Ms. Rome, the only sister to testify, had lived in the United States for 23 years, most of which time had been without petitioner. The other sisters had lived in the United States for 12, 10, and 7 years and did not testify regarding their relationship with petitioner. Thus, the IJ concluded that the separation would not result in extreme hardship on petitioner. To the contrary, the court noted that it was the kind of separation normally occurring with families separated by immigration. We conclude that the IJ gave proper consideration to petitioner's family ties within the United States.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Petitioner acknowledges that "it is certainly reasonable to assume that he was knowledgeable about [the contents of the visa petitions submitted on his behalf]."