113 F.3d 1244
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Balint WAGNER; Juliana Wagner; Roland Josef Balogh, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70413.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 29, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, Nos. Aug-wnl-ick, Ajq-ued-bmt, Ajh-hxj-kyb.
 BIA
 AFFIRMED.
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Balint Wagner, Juliana Wagner, and Roland Balogh, natives and citizens of Hungary, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from the immigration judge's ("IJ") denial of their applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158 and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Wagner contends that the BIA erred by concluding that he failed to present credible evidence of past persecution or a well-founded fear of future persecution.[1] This contention lacks merit.
 
 
 4
 We review the factual findings underlying the BIA's denial of asylum and withholding of deportation, as well as its credibility findings, under the substantial evidence standard. See Berroteran-Melendez, 955 F.2d 1251, 1255, 1257 (9th Cir.1991). To be eligible for asylum, an applicant must demonstrate past persecution, or a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a). To establish a well-founded fear of future persecution, applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The objective component requires "a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution" on account of one of the enumerated grounds. Id. (citation omitted). The BIA's credibility findings are given substantial deference by the reviewing court, but must be supported by a "specific, cogent reason" for the disbelief. See Berroteran-Melendez, 955 F.2d at 1256.
 
 
 5
 Wagner testified that he was arrested by the Hungarian police for his participation in anti-communist demonstrations on November 7, 1986, March 15, 1987, and October 23, 1988. He further testified that on these occasions he was interrogated, beaten, and starved while being detained for periods of 18 to 31 days. On cross-examination, Wagner was asked whether he had previously applied for asylum. He stated he had not, but when confronted with his 1990 asylum application, he admitted it contained his signature and that he had applied for asylum but was denied. The 1990 application contained no mention of the three arrests Wagner had testified to at his current hearing. Instead, the 1990 application stated that the reason Wagner fled Hungary was because he had gotten into an physical altercation with a communist party secretary which resulted in criminal charges being brought against him. Wagner's prior application also included letters from Hungarian friends confirming that he would face criminal prosecution if he returned to Hungary. Wagner's current application and hearing testimony contained no mention of the physical altercation.
 
 
 6
 Wagner testified that he mentioned his three arrests and beatings to the person who had filled out his first application, but because he had signed a blank sheet of paper and did not speak English, he did not know they had been left out of the application. When the IJ asked him whether specific information in this first application was accurate, he conceded it was. In addition, although Wagner's 14-month visit to the United States was mentioned in his first application, it was omitted from his second application.
 
 
 7
 The BIA concluded that Wagner had failed to testify truthfully with regard to his persecution claim. In so concluding the BIA noted the following: (1) Wagner's initial denial that he had previously applied for asylum; (2) Wagner's failure to provide a plausible explanation for the dramatic inconsistencies between his two asylum applications; and (3) Wagner's failure to mention his 14-month stay in the United States in his current application or his altercation with the party secretary. The BIA stated while it could discern no motive on the part of Dr. Szaz for translating only accurately a portion of Wagner's statements while omitting the most essential facts, it appeared Wagner was shifting strategies after his first application proved unsuccessful.
 
 
 8
 Substantial evidence supports the BIA's credibility determination. The inconsistencies between the two asylum applications as well as the omissions in Wagner's current application, were not incidental but went to the heart of Wagner's asylum claim. See Ceballos-Castillo v. INS, 904 F.2d 519, 520 (9th Cir.1990) (upholding credibility determination based on significant inconsistencies between application and testimony). Moreover, Wagner's own testimony was inconsistent with his current application. See id.; see also Berroteran-Melendez, 955 F.2d at 1256-57). Accordingly, we affirm the BIA's denial of Wagner's request for asylum and withholding of deportation. See Acewicz, 984 F.2d at 1062.[2]
 
 
 9
 Wagner next contends that the BIA abused its discretion by denying his request for voluntary departure.[3] We disagree.
 
 
 10
 An alien is eligible to voluntarily depart the United States, at his expense, if he is, and has been a person of good moral character for at least five years immediately preceding his application for this relief. See 8 U.S.C. § 1254(e). In reviewing whether the BIA properly denied an applicant voluntary departure, we may examine only whether the BIA actually exercised its discretion and whether it did so in an arbitrary and capricious manner. See Abedini v. INS, 971 F.2d 188, 193 (9th Cir.1992). The BIA need only support its conclusion with a "reasoned explanation based on legitimate concerns." See id.; see also Fisher v. INS, 79 F.3d 955, 965 (9th Cir.1996).
 
 
 11
 Here, the BIA concluded that Wagner gave false testimony and was therefore statutorily ineligible for the privilege of voluntary departure. See 8 U.S.C. § 1101(f)(6) (one who gives false testimony for the purpose of obtaining benefits shall not be regarded as a person of good moral character). The BIA based its determination upon its earlier adverse credibility finding. Based on the record, we conclude the BIA's denial of voluntary departure was supported with "a reasoned explanation based upon legitimate concerns." See Fisher, 79 F.3d at 955; see also Abedini, 971 F.2d at 192-193.
 
 
 12
 Finally, we reject Wagner's contention that the IJ's refusal to admit the declaration of Pal Czetl into evidence rendered the proceedings fundamentally unfair. Because we agree with the BIA's conclusion that the declaration was insufficient to overcome the significant discrepancies in the record, we discern no prejudice to Wagner's case.[4] See Barraza Rivera v. INS, 913 F.2d 1443, 1448 (9th Cir.1990).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Petitioners' claims for asylum and withholding of deportation derive from the individual claim of Balint Wagner ("Wagner"). Therefore, although we refer solely to him throughout our discussion, our decision is binding on respondents as well. See 8 U.S.C. § 1158(c)
 
 
 [2]
 We reject Wagner's contention that the IJ abused his discretion by allowing the 1990 application into evidence. The application was highly probative to Wagner's asylum claim and Wagner, the purported declarant, was available for questioning regarding its contents. See Espinoza v. INS, 45 F.3d 308, 310 (9th Cir.1995) (affirming that the only test for admission of evidence in the immigration context is whether it is probative and whether its admission is fundamentally fair); Cf. Cunanan v. INS, 856 F.2d 1373, 1374 (9th Cir.1988) (holding it was fundamentally unfair to admit hearsay affidavit from alien's wife asserting marriage was a sham where alien not aware of affidavit and wife not available for cross-examination)
 
 
 [3]
 Juliana Wagner and her son Roland Balogh were granted voluntary departure
 
 
 [4]
 Although the IJ refused to admit the declaration as evidence, it was marked for identification and included in the administrative record