Chunli WU;  Dian Ding;  Xiaojian Ding, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70781.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 25, 2004.*

Decided Sept. 8, 2004.

Sanford H. Perliss, Esq., Perliss & Gross, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Michele Y.F. Sarko, Attorney, Allen W. Hausman, Attorney, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, GOODWIN, and TASHIMA, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument.  See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Chunli Wu, a native and citizen of the People's Republic of China, petitions for review of the streamlined decision of the Board of Immigration Appeals, which affirmed without opinion the decision of the Immigration Judge (IJ) denying her claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We deny the petition.[2]

■ The denial of petitioner's asylum claim was based on an adverse credibility determination, the key component of which was that petitioner had submitted a counterfeit document in support of her claim. Based on the report of a U.S. consular official, the IJ found that Wu's certificates purporting to confirm that she was made to undergo a forced abortion were "poor quality counterfeits." Those certificates, obviously, go to the heart of her claim. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004). Thus, we conclude that the IJ's rejection of Wu's asylum claim on the basis of lack of credibility is supported by substantial evidence. *Id.*

■ Wu also contends that she was deprived of due process at her removal hearing because of the surprise introduction of the consular official's letter attesting to the counterfeit nature of the abortion certificates. The IJ granted Wu and her counsel a one-hour recess to discuss the letter, but denied a longer continuance. We conclude that it was neither an abuse of discretion nor a due process violation to deny a longer continuance, primarily because there was no showing of prejudice. *See Jacinto v. INS*, 208 F.3d 725, 727028 (9th Cir. 2000). The chief effect of the letter was to call Wu's testimony into question. However, there were ample other grounds, in addition to the letter, which supported the IJ's lack-of-credibility finding.[3] Moreover, Wu made no specific showing of what a longer recess would have accomplished that would have made a difference to the outcome of the proceeding.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Petitioner's husband, Xiaojian Ding, and her son, Dian Ding, also seek review of the same decision. Petitioner is the principal asylum applicant and the claims of her husband and son are derivative of her claim. *See* 8 C.F.R. § 208.21. For convenience, we refer to all three as "petitioner."

2. The facts and prior proceedings are known to the parties and we do not recite them here.

3. We also reject Wu's hearsay objection. Formal rules of evidence do not apply to removal proceedings, *Jacinto*, 208 F.3d at 727–28, and hearsay documents are admissible, as long as they are probative and admitting the document is "fundamentally fair." *Cunanan v. INS*, 856 F.2d 1373, 1374 (9th Cir.1988).