**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAOHUA YU,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>　　　　　　Respondent. | No. 11-70987<br><br>Agency No. A099-717-691<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2016**
University of Hawaii Manoa, Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

The facts and procedure of this case are familiar to the parties, and we do not

repeat them here. For the reasons below, we deny Yu's petition for review.

First, Yu was not denied due process by the Immigration Judge's reliance on

the asylum officer's notes, even though the asylum officer was not available for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

cross-examination. Due process requires that the government "make a reasonable effort . . . to afford the alien a reasonable opportunity to confront the witnesses against him." *Cunanan v. INS*, 856 F.2d 1373, 1375 (9th Cir. 1988). That occurred here when the IJ continued the case so that the asylum officer could be found, the government tried to contact him, and was then informed that the asylum officer had retired and could not be located. Yu's reliance on *Cunanan* and *Cinapian v. Holder*, 567 F.3d 1067, 1077 (9th Cir. 2009), is unavailing. In *Cunanan*, we noted that the government "failed to make *any* reasonable effort to produce" a hearsay declarant whose testimony was used against the petitioner. 856 F.2d at 1375 (emphasis added). And in *Cinapian* we noted that the proper remedy when evidence was introduced of which the petitioner was unaware was to grant a continuance. 567 F.3d at 1076–77. Here, the government made efforts to produce the asylum officer, and a continuance was granted.

Second, substantial evidence supports the IJ's adverse credibility finding. *See* 8 U.S.C. § 1252(b)(4)(B); *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009). It appears Yu initially told the asylum officer he had been detained, providing a detailed description of a 15-day detention. But before the IJ, Yu changed course and said that all he told the asylum officer was that he was *threatened* with

detention.  That inconsistency was sufficient to support an adverse credibility finding.

      **Petition DENIED**.