**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVERLITA BAGO BASUG, | No. 13-71204 |
| Petitioner, | Agency No. A059-444-357 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 9, 2018
Honolulu, Hawaii

Before: WARDLAW, BERZON, and RAWLINSON, Circuit Judges.

Everlita Bago Basug petitions for review of the Board of Immigration

Appeals' (BIA) dismissal of her appeal challenging the Immigration Judge's (IJ)

denial of her good faith waiver application and order of removal. We grant the

petition.

Generally, "a deportation hearing is an administrative proceeding not bound

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

by strict rules of evidence; nonetheless, aliens must be accorded due process. The sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair." *Espinoza v. I.N.S.*, 45 F.3d 308, 310 (9th Cir. 1995), *as amended on denial of reh'g* (Jan. 12, 1995) (internal citations omitted). To ensure fundamental fairness, the government must make a reasonable effort to provide a respondent with a reasonable opportunity to confront the witnesses against her. *Cunanan v. INS,* 856 F.2d 1373, 1375 (9th Cir.1988).

Basug's hearing was fundamentally unfair because her absent ex-husband's written statements were admitted and significantly relied on by the IJ, without any opportunity for Basug to confront him. The IJ noted Basug's ex-husband's statements that he was a "victim of fraud" whom Basug had married for immigration purposes, not love. The IJ also adopted his account that Basug had asked him for money when she lived in the Philippines and moved out of their shared home in Hawaii within days of arrival, despite direct conflicts between Basug and her ex-husband's testimony on these matters. The BIA, in affirming, recognized that the IJ's decision had taken account of the ex-husband's testimonial evidence in determining that Basug had not met her burden of proof regarding her intent in entering into the marriage.

Yet neither the government nor the IJ made any effort to facilitate alternative methods of confrontation not foreclosed by the ex-husband's poor health. For

2

example, the government or IJ might have facilitated written interrogatories or a deposition. *Bachelier v. Immigration & Naturalization Serv.*, 625 F.2d 902, 904 (9th Cir. 1980). Such an opportunity was particularly important in this case, given that Basug's waiver application turns in part on her and her ex-spouse's comparative credibility. *See Ching v. Mayorkas*, 725 F. 3d 1149, 1159 (9th Cir. 2015).

Alternatively, the IJ could have refused to consider Basug's ex-husband's statements and the special agent's testimony regarding what her ex-husband had said. The IJ could have instead proceeded only on the documentary evidence, Basug's own testimony, and that of her witnesses. The evidentiary burden was on Basug to establish the *bona fides* of the marriage. *Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1148 (9th Cir. 2005). The IJ could have determined whether Basug met that burden by examining only the credibility of her and her witnesses' testimony, as well as the presence or absence of objective indices of good faith in entering the marriage, like financial interdependence and extended cohabitation. Because the IJ credited some of Basug's ex-husband's testimonial submissions over hers and relied on them, however, the hearing was not fundamentally fair.

**GRANTED** and **REMANDED.**

***Basug v. Whitaker*, Case No. 13-71204**
**Rawlinson, Circuit Judge, dissenting:**

I respectfully dissent. I disagree that the proceeding resulting in the denial of the requested waiver from Everlita Bago Basug (Basug) was fundamentally unfair. *See Jiang v. Holder*, 754 F.3d 733, 741 (9th Cir. 2014) (explaining that a due process violation occurs "if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case") (citation omitted). It cannot be fairly said that Basug "was prevented from reasonably presenting [her] case." *Id.* (citation omitted). She testified, presented witnesses and introduced evidence on her behalf.

The sole basis for the claim of a due process violation was the admission of a declaration from Basug's eighty-year-old husband, who suffered from arterial fibrillation, thyroid carcinoma and aortic aneurysm. He had also had a recent operation on his stomach, and was bedridden. Nevertheless, the majority insists that this infirm, aged man should have been subjected to "written interrogatories or a deposition." But, of course, there is no case authority supporting such a requirement. Indeed, the husband's physician verified that the husband was unable to testify "due to [the husband's] multiple medical problems," including the placement of a permanent pacemaker and surgeries for his thyroid, heart and lungs.

1

As the majority acknowledges, the rules of evidence do not apply in immigration proceedings. Rather, the government need only make a "reasonable effort" to produce the witness. *Angov v. Lynch*, 788 F.3d 893, 899 (9th Cir. 2015). In view of the serious medical conditions from which this elderly man suffered and his physician's unrefuted opinion that the husband was unable to testify, no due process violation occurred. *See id.* This is particularly true where Basug had an unfettered opportunity to testify, present witnesses, and introduce evidence. *See Jiang*, 754 F.3d at 741 (concluding that a due process violation occurs only if the petitioner is "prevented from reasonably presenting his case").

I respectfully dissent.