86 F.3d 1158
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gabriel P. FRANCIS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION, SERVICE, Respondent.
 No. 95-3321.
 United States Court of Appeals, Seventh Circuit.
 Argued April 10, 1996.
Decided May 23, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Gabriel Francis is a 36-year-old native citizen of Jamaica who entered the United States as a lawful permanent resident on May 15, 1983. However, later that year he was convicted in the Southern District of Georgia for conspiracy to import marijuana, receiving a five-year sentence of incarceration. His sentence was suspended in favor of six months' confinement and five years' unsupervised probation. During his probation, Francis was again arrested and was convicted in the Northern District of Illinois for conspiracy to distribute cocaine in May 1989. He received a sentence of four years' incarceration. Thereafter the district court in Georgia found that Francis' second conviction violated the conditions of his probation and sentenced him to an additional four and one-half years, to be served after his sentence in the Northern District of Illinois.
 
 
 2
 In February 1994 the Immigration and Naturalization Service issued an order to show cause why Francis should not be deported under Sections 241(a)(2)(A)(iii) and (B)(i) of the Immigration and Nationality Act ("INA") as an alien convicted of a controlled substance violation and an aggravated felony. After a variety of continuances, a hearing was held before Immigration Judge McHugh at the Oakdale, Louisiana, Federal Correctional Institute. Judge McHugh admitted into evidence the order to show cause, the 1984 criminal judgment against Francis relating to his marijuana offense, and the 1989 criminal judgment against him relating to his cocaine offense. After admitting most of the allegations in the order to show cause, Francis' counsel declined to present any evidence or offer any argument. Judge McHugh then concluded that deportability had been established.
 
 
 3
 Counsel for Francis then informed Judge McHugh that Francis would apply for relief from deportation under Section 212(c) of the Immigration and Nationality Act (8 U.S.C. § 1182(c)).[1] After another continuance, the government attorney stated that he had reviewed Francis' conviction and that Francis was qualified for Section 212(c) relief for admission to this country. Unfortunately, the government attorney had reviewed only one of Francis' two convictions and thus incorrectly determined that Francis had not been incarcerated for more than five years.
 
 
 4
 On December 19, 1994, after a transfer of venue, the hearing continued before Immigration Judge Cuevas in Chicago. At that time the government submitted a declaration by a Bureau of Prisons official, Gail Haynes, stating that Francis had been incarcerated for five years, ten months and one day, and was thus ineligible for Section 212(c) relief. Over Francis' counsel's objection, Judge Cuevas ruled that Haynes' statement was admissible. After concluding that Francis was ineligible for relief under Section 212(c) because of the length of his incarceration, Judge Cuevas ordered him deported to Jamaica. Francis subsequently appealed the deportation order to the Board of Immigration Appeals on the ground that the time of Francis' incarceration was improperly shown by the unnotarized statement of Gail Haynes. The Board of Immigration Appeals determined that Haynes' declaration was probative and fundamentally fair since Francis had not contradicted it nor demonstrated why its admission was prejudicial. Thereafter Francis petitioned us to review the Board's decision.
 
 
 5
 Francis does not assert that Haynes' calculation that he has served more than five years in prison was inaccurate. Rather, he argues it should not have been admitted because it was hearsay and he had no opportunity to cross-examine Haynes. However, it is well settled that the standard rules of evidence do not apply in deportation hearings. Henry v. INS, 74 F.3d 1, 6 (1st Cir.1996). An immigration judge is authorized to "receive in evidence any oral or written statement which is material and relevant to any issue in the case previously made by the respondent or any other person during any investigation, examination, hearing, or trial." 8 C.F.R. § 242.14(c). The sole test for admission is whether the evidence is "probative" and "fundamentally fair." Espinoza v. INS, 45 F.3d 308, 310 (9th Cir.1995). Clearly Haynes' calculation of Francis' time in prison was "probative." The only question is whether its admission was "fundamentally fair."
 
 
 6
 It is true that Section 242(b)(3) of the Immigration and Nationality Act grants an alien "a reasonable opportunity * * * to cross-examine witnesses presented by the government" in deportation hearings, and that Gail Haynes was not presented. However, a recognized exception to the right of cross-examination in deportation hearings is where a hearsay document is offered to establish an uncontested fact. Felzcerek v. INS, 75 F.3d 112, 115 (2d Cir.1996) ("[P]eople may not assert a cross-examination right to prevent the government from establishing uncontested facts."); Espinoza, 45 F.3d at 311 (same); Olabanji v. INS, 973 F.2d 1232, 1234-1235 n. 1 (5th Cir.1992) (same). The exception makes sense: because the alien is essentially admitting the fact established by the hearsay evidence by not contesting it, he cannot legitimately argue that the statement's introduction is unfair to him. Francis offered no evidence contradicting Haynes' hearsay statement. See, e.g., Cunanan v. INS, 856 F.2d 1373 (9th Cir.1988). Nor did he assert that the reliability of the statement was somehow undermined, see, e.g., Murphy v. INS, 54 F.3d 605, 610-611 (9th Cir.1995). Thus he had not right to cross-examine Haynes and the immigration judge was free to admit her statement.
 
 
 7
 Francis next argues that he was denied the opportunity to rebut the information in Haynes' declaration. This assertion is refuted by the record. Francis made no proffer of evidence or testimony he wished to present in opposition to Haynes' declaration. He knew that his right to Section 212(c) relief, completely dependent upon the length of his incarceration, was to be the only subject of the hearing that day. Furthermore, the certificate of service on the Haynes declaration states that it was served upon Francis' counsel two months prior to the hearing. Therefore, Francis had notice that the government was going to oppose his claim for Section 212(c) relief based upon the length of his incarceration term, and that it was going to do so using Haynes' declaration. Thus Francis' failure to offer evidence rebutting Haynes' declaration was not the result of a lack of opportunity.
 
 
 8
 Finally, Francis argues that the Board of Immigration Appeals denied him due process by ignoring his arguments on appeal and simply ratifying the actions of the immigration judge. This assertion has no merit. The Board addressed each of Francis' Section 212(c) and evidentiary issues in its order dismissing his appeal. It properly determined that Haynes' declaration was probative and fundamentally fair, and that Francis had given no reason why the declaration should not have been admitted. It further concluded that Francis had not shown that the time he had spent incarcerated was less than five years, and thus had not established his eligibility for Section 212(c) relief. The Board of Immigration Appeals did not deprive Francis of due process and its decision is affirmed.
 
 
 
 [1]
 Section 212(c) provides as follows:
 Aliens lawfully admitted for permanent resident who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section (other than paragraphs (3) and (9)(C)). Nothing contained in this subsection shall limit the authority of the Attorney General to exercise the discretion vested in him under section 1181(b) of this title. The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.