**Macaria Navarro de HERNANDEZ, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

**No. 72–2494.**

United States Court of Appeals, Ninth Circuit.

June 11, 1974.

John F. Sheffield (argued), Norman B. Silver, Esq., Los Angeles, Cal., for petitioner.

Dzintra I. Janavs, Asst. U. S. Atty. (argued), Frederick M. Brosio, Jr., Asst. Atty. Gen., Crim. Div., U. S. Dept. of Justice, Washington, D. C., Joseph Surreck, Regional Counsel, I&NS, San Pedro, Cal., Bernard Hornbach, I&NS, San Francisco, Cal., District Director, I&NS, Los Angeles, Cal., for respondent.

Before TRASK and SNEED, Circuit Judges, and POWELL,* District Judge.

## PER CURIAM:

Macaria Navarro de Hernandez (Petitioner) appeals from a decision of the Board of Immigration Appeals which upheld the Immigration & Naturalization Service order for her deportation. This court has appellate jurisdiction pursuant to 8 U.S.C. § 1105a.

The petitioner, a citizen of Mexico, was admitted to the United States on a permanent resident visa on April 26, 1967. Pursuant to 8 U.S.C. § 1251(a) (1), deportation proceedings were brought against the petitioner in 1970 on the grounds that at the time of her entry she was excludable under 8 U.S.C. § 1182(a)(31),[1] for knowingly and for gain assisting the illegal entry of another alien. Evidence in support of this charge presented at the deportation hearing included: (1) a sworn statement made by the petitioner on August 17, 1965, during detention by United States officials in which the petitioner confessed to having attempted that day to bring two aliens into the United States for $100 compensation; (2) a sworn statement made by the petitioner on April 7, 1970, (shortly before the deportation proceedings were formally begun) which identified the 1965 statement as genuine and affirmed the truthfulness of the statements contained therein; this statement further included the admission that the petitioner was returned to Mexico in 1965 because she had smuggled two men into the country; (3) sworn statements of the two individuals who the petitioner allegedly smuggled into the United States who identified "Mrs. Navarro" as the smuggler. On the basis of this evidence and the petitioner's failure to refute or rebut her previous sworn testimony, the Special Inquiry Officer ordered deportation. This order was affirmed by the Board of Immigration Appeals and the petitioner now seeks review.

Petitioner attacks the proceedings on the ground that she was denied her right to cross-examine the persons who had stated that she had smuggled them into the United States from Mexico and also upon the ground that for reasons of fairness and justice the Immigration & Naturalization Service should be estopped from deporting petitioner.

8 U.S.C. § 1252(b) states that:

"[T]he alien shall have a reasonable opportunity to examine the evidence against him, to present evidence in his own behalf, and to cross-examine witnesses presented by the Government . . . ."

Here, petitioner argues, the affidavits of the two smuggled aliens were improperly admitted into the record of the hearing before the Special Inquiry Officer. These affidavits identified petitioner as the person who undertook for

---

* Honorable Charles L. Powell, United States District Judge from the Eastern District of Washington, sitting by designation.

1. 8 U.S.C. § 1182(a)(31) provides in pertinent part:

*Excludable classes of aliens*

"(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission in the United States: . . .

"(31) Any alien who at any time shall have, knowingly and for gain, encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law."

money to smuggle them into the United States on August 16, 1965. Objection was made upon the ground that the statements were hearsay and that the witnesses were not available for cross-examination at this October 1970 hearing. The Special Inquiry Officer admitted the affidavits provisionally upon the condition that the affiants be produced in person for cross-examination. Two adjournments of the hearing were ordered in order to give the Immigration & Naturalization Service an opportunity to produce the witnesses. A record of the unsuccessful search for them was then introduced, and their affidavits were then admitted. At the conclusion of the hearing the Special Inquiry Officer rendered an oral decision granting voluntary departure or deportation to Mexico if voluntary departure was not made.

In Navarrette-Navarrette v. Landon, 223 F.2d 234 (9th Cir. 1955), cert. denied 351 U.S. 911, 76 S.Ct. 700, 100 L. Ed. 1444 (1956), we held:

> "An alien, in deportation proceedings, must be afforded due process of law, including a fair hearing. But it is well settled that administrative tribunals, such as here involved, are not bound by the strict rules of evidence which apply in judicial proceedings."

In that case on facts remarkably similar to those here, written statements of four aliens were admitted without production of the individuals in person. We held that this failure did not render the proceeding unfair where it was shown that their whereabouts were unknown after a search had been made to locate them. Their absence is of even less consequence here where the affidavit of petitioner herself, corroborates the information contained in the affidavits under question.

Finally, the petitioner asserts that the government is estopped from deporting her because it originally granted her permanent resident status. Reliance is upon a number of cases supporting this argument. Since appellant's briefs have been filed the Supreme Court in United States Immigration & Naturalization Service v. Hibi, 414 U.S. 5, 94 S.Ct. 19, 38 L.Ed.2d 7 (1973), has held that except for "affirmative misconduct" on the part of the Government, the United States could not be estopped from denying citizenship under the facts existing there. *Id.* at 8, 94 S.Ct. 19. We find nothing in the facts here which could distinguish *Hibi* and hold that estoppel is not applicable.

We have reviewed the administrative record including the Transcript of Hearing and find nothing upon which a reversal could be justified. The decision of the Board of Immigration Appeals is affirmed.