Josadac **MARISCAL–SANDOVAL,**
Petitioner,

v.

John **ASHCROFT,** Attorney
General, Respondent.

No. 02–71925.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 31, 2004.

Decided May 28, 2004.

Raul M. Montes, Esq., Montes & Montes, San Diego, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ron-

ald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., John S. Hogan, Theresa M. Healy, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, BEEZER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Mariscal–Sandoval petitions for review of a final order of exclusion by the Board of Immigration Appeals ("BIA"). The BIA affirmed without opinion the Immigration Judge's ("IJ") Order, which found Mariscal–Sandoval excludable from the United States for knowingly attempting to transport six undocumented aliens from Mexico into California. Because the parties are familiar with the facts of the case, we do not repeat them here.[1]

## I

Mariscal–Sandoval first challenges the IJ's denial of his motion to suppress various documents and testimony offered by the government during his hearing, contending that this denial infringed his right to due process. We review claims of due process violations de novo. *Padilla v. Ashcroft*, 334 F.3d 921, 923 (9th Cir.2003). We review the IJ's findings of fact, as well as any credibility determinations regarding witness testimony, for substantial evidence. *Monjaraz–Munoz v. INS*, 327 F.3d 892, 895, *amended by* 339 F.3d 1012 (9th Cir.2003).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## A

Mariscal–Sandoval argues that Inspector Thorpe's written I–213 Form regarding Mariscal–Sandoval's confession to Inspector Padilla should have been excluded from the trial because it was unreliable and unfair double hearsay, and because he had not been read his rights. First, inspectors were under no obligation to read Mariscal–Sandoval his *Miranda* rights before taking his statement. *See Trias–Hernandez v. INS*, 528 F.2d 366, 368–69 (9th Cir.1975) (holding that *Miranda* warnings are not required in civil immigration proceedings); *see also INS v. Lopez–Mendoza*, 468 U.S. 1032, 1038, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984) (noting that exclusion hearings are civil).

Second, administrative proceedings are not governed by the rules of evidence. *De Hernandez v. INS*, 498 F.2d 919, 921 (9th Cir.1974). Hearsay is generally admissible in administrative hearings, *Trias–Hernandez*, 528 F.2d at 369, and there is no rule automatically forbidding double hearsay. Instead, hearsay may be admitted if it is probative and if it would not be fundamentally unfair to allow it. *Cunanan v. INS*, 856 F.2d 1373, 1374 (9th Cir. 1988).

In this case, the information in Inspector Thorpe's testimony and written report was certainly probative. Moreover, because Inspector Thorpe was available as a testifying witness and could be cross-examined regarding his memory of the interview between Inspector Padilla and Mariscal–Sandoval, admitting his testimony and report was not fundamentally unfair. *See Cunanan*, 856 F.2d at 1374–75.

---

1. We have addressed Mariscal–Sandoval's remaining claim, that he effected an "entry" into the United States, in a concurrently filed published opinion.

## B

Next, Mariscal–Sandoval argues that the IJ erred by admitting the affidavit of one of the undocumented passengers, Alicia Mauricio–Ortiz. Affidavits may be admitted in lieu of live testimony if a witness is unavailable and the party offering the affidavit has made reasonable, but unsuccessful, efforts to secure the witness' attendance. *Baliza v. INS*, 709 F.2d 1231, 1234 (9th Cir.1983). The IJ found that the government had made a good-faith effort to contact Mauricio–Ortiz in Mexico, but had been unable to arrange for her to come to the United States to testify. In addition, although the affidavit was hearsay, it was admissible because it was probative and not fundamentally unfair. *See Cunanan*, 856 F.2d at 1374.

Mariscal–Sandoval also contends that his other passengers' various written statements should have been excluded because inspectors did not read them their *Miranda* rights. As noted above, *Miranda* warnings are not required for statements to be admitted in civil proceedings.

## C

Mariscal–Sandoval next argues that his niece Brenda Madrigal's sworn videotaped statement was not reliable because she was a minor who did not understand what it meant to be under oath, and her statement was taken early in the morning after she had not slept or had contact with her parents. However, the IJ found that Madrigal showed no signs of duress or fatigue during the videotaped statement. The IJ was best placed to make this kind of a credibility determination. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 661–62 (9th Cir.2003). Furthermore, Madrigal appeared in person as a witness and was available for cross-examination regarding her two different accounts of the events of May 16, 1995. The

IJ did not err by admitting her videotaped statement.

## D

Finally, Mariscal–Sandoval argues that the criminal *corpus delicti* rule should apply to exclude Madrigal's sworn statement "in light of her status as an alleged accomplice," to exclude his own statements made to Inspectors Padilla and Thorpe, and to exclude their in-person testimony at the hearing. In criminal proceedings, the *corpus delicti* rule provides that uncorroborated admissions are not sufficient to convict a defendant of a crime. *See Opper v. United States*, 348 U.S. 84, 89, 75 S.Ct. 158, 99 L.Ed. 101 (1954); *United States v. Corona–Garcia*, 210 F.3d 973, 978 (9th Cir. 2000). As noted above, exclusion proceedings are civil, not criminal, and many protections afforded criminal defendants are unavailable. *See, e.g., Ramirez v. INS*, 550 F.2d 560, 563 (9th Cir.1977) (no right to counsel); *see also United States v. Yacoubian*, 24 F.3d 1, 10 (9th Cir.1994) (no double jeopardy rule, no ex post facto rule). Similarly, the criminal *corpus delicti* rule does not apply to exclude Mariscal–Sandoval's or Madrigal's testimony or videotaped confessions.

## II

Mariscal–Sandoval contends that the IJ's order of exclusion is unsupported by substantial evidence. The INS bore the burden of proving that Mariscal–Sandoval was excludable by "clear, unequivocal, and convincing evidence." *Woodby v. INS*, 385 U.S. 276, 277, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966). We must determine whether there is substantial evidence to conclude that the INS met this burden. *Singh v. Reno*, 113 F.3d 1512, 1514 (9th Cir.1997). As for the underlying charge, an alien is excludable if he knowingly en-

couraged, induced, assisted, abetted, or aided another alien to enter or try to enter the United States in violation of law. 8 U.S.C. § 1182(a)(6)(E)(i) (1995).

We hold that the order of exclusion is supported by substantial evidence. The IJ thoroughly explained why he believed that Mariscal–Sandoval's and Madrigal's confessions were credible, and their later testimony at the hearing was not. These credibility determinations are entitled to substantial deference because the IJ was best placed to examine the witnesses' demeanor while testifying. *Mendoza Manimbao*, 329 F.3d at 661–62. Given the combined testimony of the inspectors at the scene, the confessions of Mariscal–Sandoval and Madrigal, and the statements of his illegal passengers, sufficient evidence existed to conclude that the INS had met its burden of establishing that Mariscal–Sandoval knowingly engaged in alien smuggling.

### III

Mariscal–Sandoval's assertion that his Fifth Amendment right to due process and meaningful administrative review was violated because the BIA affirmed the IJ's decision without opinion pursuant to its new streamlining procedure is foreclosed by our recent decision in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852 (9th Cir. 2003).

**PETITION DENIED.**