**Rebecca Manalang QUIJANO,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 03–72013.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 2004.*

Decided Dec. 9, 2004.

David J. Kaufman, Esq., Kaufman Law Office, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Linda S. Wendtland, Esq., Donald A. Couvillon, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, THOMAS, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Rebecca Quijano, a native and citizen of the Philippines, petitions for review from a Board of Immigration Appeals decision affirming without opinion the immigration judge's ("IJ") exclusion order. We deny the petition for review. Because the parties are familiar with the history of this case, we will not recount it here.

The IJ did not impermissibly shift the burden to Quijano to establish admissibility. It is true that the IJ initially made some contradictory oral statements concerning allocation of the burden of proof. However, a careful review of the written decision indicates that the IJ correctly held the government to its burden of proof under *Matter of Huang*, 19 I & N Dec. 749, 754 (BIA 1988).

■ The admission of hearsay statements contained in investigative reports at the hearing did not violate Quijano's due process rights. Administrative proceedings are not governed by strict rules of evidence, provided that the alien is afforded due process. *De Hernandez v. INS*, 498 F.2d 919, 921 (9th Cir.1974). Hearsay testimony is generally admissible in administrative hearings, *see Trias–Hernandez v. INS*, 528 F.2d 366, 368–69 (9th Cir.1975), provided that the evidence is probative and if its admission is "fundamentally fair," *Cunanan v. INS*, 856 F.2d 1373, 1374 (9th Cir.1988). Here, the evidence was probative, the content was uncontested by the petitioner, and the con-

text of the statements contained sufficient indicia of reliability to pass constitutional muster.

■ Similarly, the admission of uncertified Tagalog–English transcripts of telephone conversations did not violate Quijano's due process rights. In immigration proceedings, documentary evidence is admissible so long as it is probative and its admission is fundamentally fair. *Zahedi v. INS*, 222 F.3d 1157, 1164 n. 6 (9th Cir. 2000). The transcripts at issue are probative of Quijano's involvement in alien smuggling. Quijano, who speaks Tagalog and was a participant in some of the conversations, made no argument as to the inaccuracy of the translations. She made no effort to contest their content, only their admission. Thus, it was not fundamentally unfair to admit the transcripts, despite the fact that they were unsigned, and thus in violation of 8 C.F.R. § 1003.33.

■ Viewing the record as a whole, we conclude that substantial evidence supports the IJ's determination that Quijano was excludable. The IJ's finding that Quijano assisted other aliens to enter the United States illegally in violation of INA § 212(a)(6)(E)(i) is supported by the testimony of aliens who reported that Quijano helped smuggle them into the United States. The IJ's finding that Quijano had abandoned her lawful permanent resident status was supported by substantial evidence in the record, including the fact that her residence, her children's residence, and her business were all located in the Philippines. Substantial evidence also supports the IJ's finding that Quijano was excludable because of fraud and misrepresentations contained in her visa applications in violation of INA § 212(a)(6)(C)(i). She was convicted in Hong Kong of three

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

counts of obtaining property on a forged document, a fact that she failed to disclose in her petition for adjustment of status and naturalization application. Thus, substantial evidence supported the IJ's decision that Quijano was excludable on a number of grounds. Substantial evidence also supports the IJ's determination that Quijano was ineligible for a waiver of inadmissibility pursuant to INA § 212(c), for the same reasons that the IJ found her excludable.

**PETITION DENIED.**