NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 16 2015



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| ANTONIO GARCIA-VIRREY, | ) | No. 12-70213 |
| | ) | |
| Petitioner, | ) | Agency No. A090-065-343 |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| LORETTA E. LYNCH, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2015**
Pasadena, California

Before: FERNANDEZ and BEA, Circuit Judges, and MARQUEZ,*** District
Judge.

Antonio Garcia-Virrey, a citizen of Mexico, petitions for review of the

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

***The Honorable Rosemary Marquez, District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

Board of Immigration Appeals' (BIA) denial of his application for cancellation of removal. See 8 U.S.C. § 1229b(a). We deny the petition.

Garcia asserts that his procedural due process rights[1] were violated when the Immigration Judge (IJ) admitted a police report into evidence at his cancellation hearing without requiring cross-examination of the officer who prepared the report.[2] See Vilchez v. Holder, 682 F.3d 1195, 1198–99 (9th Cir. 2012); Espinoza v. INS, 45 F.3d 308, 310–11 (9th Cir. 1995); Cunanan v. INS, 856 F.2d 1373, 1374–75 (9th Cir. 1988); see also Cinapian v. Holder, 567 F.3d 1067, 1074 (9th Cir. 2009). We disagree. There was no evidence that the officer's own observations (for example the strong odor of alcohol) were not trustworthy. Thus, those would be admissible under the Federal Rules of Evidence,[3] which are more stringent than the rules applied in these proceedings.[4] More importantly, it does not appear that the BIA[5] relied on any improper material in that report. Thus, even

---

[1]See Torres-Aguilar v. INS, 246 F.3d 1267, 1270–71 (9th Cir. 2001).

[2]We note that the IJ did not deny cross-examination; he indicated that he would resolve the issue if it was raised later in the proceedings. It was not raised.

[3]See Fed. R. Evid. 803(8)(A).

[4]See, e.g., Cinapian, 567 F.3d at 1074; Espinoza, 45 F.3d at 310; Cunanan, 856 F.2d at 1374.

[5]See Vilchez, 682 F.3d at 1199.

if there were some unfairness,[6] the error, if any, was not prejudicial.[7]

Petition DENIED.

---

[6]See id.

[7]See id.