# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3619

_____

Urvashi Nilesh Patel,

*Petitioner*

v.

Jefferson B. Sessions,[1] Attorney General of United States,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 7, 2017
Filed: August 22, 2017

_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

In January of 2002, Urvashi Nilesh Patel (Patel) married a United States citizen, and in February of 2003, she was lawfully admitted into the United States as a conditional resident pursuant to a visa filed on her behalf by her citizen husband. The

---

[1]Jefferson B. Sessions, III is substituted for his predecessor pursuant to Federal Rule of Appellate Procedure 43(c).

two divorced approximately one year later. In 2011, the United States Citizenship and Immigration Services (USCIS) denied Patel's I-751 petition to remove the conditions of her residency and her request for a waiver of the joint filing requirement, and the Department of Homeland Security (DHS) issued a notice to appear. Patel conceded removability, but requested review by an Immigration Judge (IJ). The IJ denied Patel's application for a waiver and ordered Patel removed from the United States. The BIA affirmed. For the reasons below, we grant Patel's petition for review, see 8 U.S.C. § 1252(5) (jurisdiction), and remand for further proceedings.

## I. Background

Patel is a native of India. She met Nilesh Patel (Nilesh)—a United States citizen—through relatives, who connected Patel and Nilesh in an effort to organize an arranged marriage. After meeting Nilesh, Patel did not decline the arrangement, and the two were married in India on January 18, 2002. After the wedding, Patel and Nilesh spent a month together in India, during which time they consummated the marriage. Nilesh then returned to the United States, but kept in touch with Patel via telephone.

In February 2003, Patel lawfully arrived in the United States by means of a visa filed on her behalf by Nilesh. Her lawful residency was conditioned on her marriage to Nilesh. See 8 U.S.C. § 1186a(a) (U.S. citizen's alien spouse "shall be considered, at the time of obtaining the status of an alien lawfully admitted for permanent residence, to have obtained such status on a conditional basis"). Patel lived with Nilesh and his parents in Sacramento, California. However, the relationship between Patel and Nilesh was strained, as was the relationship between Patel and Nilesh's parents. Patel lived with Nilesh and his parents for approximately two to four months[2]

___

[2]While Patel testified that she lived with Nilesh and his parents for four months, she also testified that Nilesh asked her to leave in April 2003, which would be only

before, according to Patel, Nilesh asked her to leave. Nilesh filed for divorce in January 2004, and Nilesh and Patel legally divorced that same month, at which point Patel no longer met the requirements of her conditional residency. 8 U.S.C. § 1227(a)(1)(D)(i). Patel remarried in 2008. Patel and her second husband—a naturalized United States citizen—have one child together.

On February 14, 2011, Patel filed an application for a hardship waiver pursuant to 8 U.S.C. § 1186a(c)(4), seeking removal of the conditions of her residency and, because she was now divorced from Nilesh, a waiver of the requirement that she and Nilesh jointly file the petition (good faith marriage waiver).[3] Section 1186a(c)(4) grants the Secretary of Homeland Security the discretion to remove conditions on an alien's permanent resident status if the alien demonstrates that "the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated . . . and the alien was not at fault in failing to meet" the joint filing requirements. USCIS denied Patel's application for a waiver, concluding that Patel failed to demonstrate that her marriage to Nilesh was a bona fide marriage entered into in good faith. Patel's conditional residency was therefore terminated, and DHS issued a notice to appear. See 8 U.S.C. § 1227(a)(1)(D)(i) (conditional resident who loses conditions of residency is deportable). Patel requested that the IJ review the USCIS's denial of her good faith marriage waiver application.

The IJ conducted a hearing on Patel's waiver application on June 25, 2014. At the hearing, Patel and her mother both testified about Patel and Nilesh's wedding. The wedding took place in India after a two-month long engagement, and was

two months after her February 2003 arrival.

[3]Removal of the conditions on an alien spouse's residency generally requires participation by the other spouse. 8 U.S.C. § 1186a(c)(1)(A) ("[T]he alien spouse and the petitioning spouse (if not deceased) jointly must submit . . . a petition which requests the removal of such conditional basis and . . . appear for a personal interview . . . .").

attended by approximately 50 guests from each family. Patel explained the circumstances of her moving in with Nilesh in the United States and her rocky relationship with Nilesh's parents. She explained that Nilesh and his parents were not kind to her, and refused to put her name on any of the utilities or a joint bank account because they did not want to "keep" her. Patel's mother similarly testified that the marriage was legitimate, but that it soured quickly. Patel also offered affidavits from people who attended the wedding. In response, the government offered an affidavit from Nilesh alleging that Patel paid him "25,000 cash knowing the marriage was not real," and a USCIS report based on an interview with Nilesh. According to the report, Nilesh said that his marriage to Patel was fraudulent and that he had entered into two additional marriages for which he was paid. Patel objected to Nilesh's affidavit and the USCIS report, arguing that the documents were hearsay and that admission of the documents without providing Patel an opportunity to cross-examine Nilesh was fundamentally unfair. The IJ overruled Patel's objections. The IJ indicated that it was finished hearing testimony, but left the record open for additional documentary evidence.

Following the hearing, Patel filed an affidavit from another of Nilesh's former wives, Kapilabahen Patel, claiming Nilesh's statement (contained in the USCIS report) that he was paid to marry Kapilabahen was false, and that Nilesh was verbally and physically abusive. On November 12, 2014, the IJ denied Patel's application for a good faith marriage waiver, and Patel appealed. On January 21, 2015, while Patel's appeal was pending, her second husband filed a visa petition on her behalf. In addition to her then-pending appeal before the BIA, Patel asked the BIA to remand based on her second husband's recently filed visa petition. The BIA dismissed Patel's appeal and denied her motion for remand on August 16, 2016.

In the instant appeal, Patel argues that the BIA erred in affirming the IJ's admission of Nilesh's affidavit and related documents without allowing Patel the opportunity for cross examination, affirming the IJ's denial of her good faith marriage

waiver application, and denying her motion to remand. We review "an agency's legal determinations de novo, according substantial deference to the agency's interpretation of the statutes and regulations it administers." Ibrahimi v. Holder, 566 F.3d 758, 762–63 (8th Cir. 2009) (quoting Llapa-Sinchi v. Mukasey, 520 F.3d 897, 899 (8th Cir. 2008)); Pouhova v. Holder, 726 F.3d 1007, 1011–12 (7th Cir. 2013) (whether the admission of documents violates alien's procedural rights in a removal proceeding is a legal question reviewed de novo). "When the BIA adopts and affirms the IJ's decision, but also adds reasoning of its own, we review both decisions together." Quinonez-Perez v. Holder, 635 F.3d 342, 344 (8th Cir. 2011) (internal quotation omitted).

## II.  Discussion

### A.  Nilesh's affidavit and the USCIS report

Patel first argues that the IJ violated her statutory right[4] to cross-examine an adverse witness when the IJ admitted Nilesh's affidavit and the USCIS report without subpoenaing Nilesh. In removal proceedings, "[t]he sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair." Nyama v. Ashcroft, 357 F.3d 812, 816 (8th Cir. 2004) (per curiam) (quoting Espinoza v. INS, 45 F.3d 308, 310 (9th Cir. 1995)). While Nilesh's affidavit and the USCIS report were clearly probative on the legitimacy of Patel's marriage to Nilesh, Patel argues that admission of these documents was fundamentally unfair because it violated her statutory right to a "reasonable opportunity to . . . cross-examine witnesses presented by the Government." 8 U.S.C. § 1229a(b)(4)(B).

---

[4]To the extent Patel also argues that the IJ violated her constitutional due process rights, we lack jurisdiction over such a challenge because Patel has no protected liberty interest in discretionary relief from removal. Yohannes v. Holder, 585 F.3d 402, 406–07 (8th Cir. 2009) (citing Ibrahimi, 566 F.3d at 766–67).

The BIA found that the IJ did not err by admitting Nilesh's affidavit because Nilesh was not a "witness," and Patel therefore had no right to cross-examine him. However, "the statutory purposes behind [an alien's right to cross-examination] would be frustrated, 'if the government's choice whether to produce a witness or to use a hearsay statement [were] wholly unfettered.'" Cunanan v. INS, 856 F.2d 1373, 1375 (9th Cir. 1988) (second alteration in original) (quoting Baliza v. INS, 709 F.2d 1231, 1234 (9th Cir. 1983)). The government "can't nullify [an alien's right to cross-examine witnesses] by presenting written declarations rather than live testimony. A declarant is a 'witness' when testimony comes in on paper, no less than when it is offered in person." Malave v. Holder, 610 F.3d 483, 487 (7th Cir. 2010). That Nilesh's statement was in writing does not exempt him from being a witness under § 1229a(b)(4)(B). Because Nilesh was a government witness, Patel had the right to a reasonable opportunity for cross examination.

Patel argues that she was not provided a reasonable opportunity for cross examination because the government failed to produce Nilesh at the hearing and the IJ denied her request to subpoena Nilesh. As an initial matter, the government argues that had Patel wanted to question Nilesh, she could have produced Nilesh as a witness at the hearing or, alternatively, contacted Nilesh following the hearing. But Patel was not aware of the affidavit or report prior to the hearing, which frustrated her ability to anticipate the need to cross-examine Nilesh. See Cunanan, 856 F.2d at 1375 (alien "could not have known that cross-examining" adverse witness would be "essential to his defense" where he "was unaware of [the witness'] affidavit until the hearing date"). Even if Patel was responsible for locating Nilesh in order to make him available for cross-examination—a responsibility courts have declined to place on petitioners, see Malave, 610 F.3d at 487 (government is responsible for providing reasonable opportunity to examine evidence and cross-examine witnesses); Olabanji v. INS, 973 F.2d 1232, 1236 (5th Cir. 1992) (same); Cunanan, 856 F.2d at 1375 (same)—Patel attempted to do so by asking the IJ to subpoena Nilesh as soon as she became aware of the adverse evidence. The IJ offered no explanation for her failure

to issue the subpoena, but the BIA concluded there was no error because Patel had a sufficient opportunity to examine Nilesh's statements and provide contradictory documentary evidence.

We conclude that the opportunity to examine Nilesh's affidavit and the USCIS report at the hearing was insufficient in this case, and the failure to produce Nilesh as a witness or issue the subpoena prejudiced Patel. See Pouhova, 726 F.3d at 1011 ("An alien who challenges a removal order by claiming a violation of [statutory] rights must show both that the proceeding did not meet these requirements and that she was prejudiced."). Because the IJ made no express credibility finding with regard to Patel's testimony, we presume her testimony was credible. Ibrahimi, 566 F.3d at 761; 8 U.S.C. § 1229a(c)(4)(C). Patel and her mother testified that Patel entered into the marriage in good faith because her family believed it would be a good match. Patel was unable to present documentary evidence regarding the legitimacy of her arranged marriage or a shared life, see 8 C.F.R. § 216.5(e)(2) (factors to consider when assessing good faith), but explained that she was unable to do so because Nilesh prevented her from sharing bills and bank accounts.

Nilesh's affidavit and the USCIS report were the only evidence directly contradicting Patel's testimony that the marriage was legitimate, and the IJ and the BIA both relied on these documents to support the conclusion that Patel failed to meet her burden of proving a good faith marriage. But Patel was provided no opportunity to probe the veracity of Nilesh's affidavit or the statements that formed the basis for the USCIS report. See Rodriguez-Quiroz v. Lynch, 835 F.3d 809, 818–19 (8th Cir. 2016) (admission of document without opportunity to cross-examine its creator was error where, though printed by a public official, no information was provided regarding the source of the substantive information contained in the document); Pouhova, 726 F.3d at 1012–15 (written statements—including those contained in a presumptively reliable government form—are subject to reliability analysis, and may be inadmissible absent an opportunity for the alien to cross-examine the declarant or

the creator of the document); <u>Olabanji</u>, 973 F.2d at 1235 (the opportunity to cross-examine a witness who has no independent knowledge of the facts contained in a report is insufficient to meet fundamental fairness standard in the context of constitutional challenge). Absent these documents, or given the opportunity to test the reliability of the documents, Patel's presumptively credible testimony may have been sufficient to meet her burden to establish eligibility for a good faith waiver. <u>See</u> <u>Lara v. Lynch</u>, 789 F.3d 800, 804–05 (7th Cir. 2015). We conclude that the BIA erred in affirming the IJ's admission of Nilesh's affidavit and the USCIS report without granting Patel's request for a subpoena or otherwise providing Patel the opportunity to cross-examine Nilesh. This error was prejudicial and rendered Patel's removal hearing fundamentally unfair.[5]

## B.    Motion to Remand

Patel also argues that the BIA abused its discretion in denying her motion to remand based on her now-husband's pending visa petition on her behalf, which would have given Patel the opportunity to adjust status independent of the conditional status she received by way of her marriage to Nilesh. We review the denial of motion to reopen or remand for abuse of discretion. <u>Alva-Arellano v. Lynch</u>, 811 F.3d 1064, 1066 (8th Cir. 2016). "The BIA abuses its discretion where it gives no rational explanation for its decision, departs from its established policies without explanation, relies on impermissible factors or legal error, or ignores or distorts the record evidence." <u>Guled v. Mukasey</u>, 515 F.3d 872, 882 (8th Cir. 2008). The BIA may deny a motion to reopen where the alien "fail[ed] to establish a prima facie case for the relief sought, fail[ed] to introduce previously unavailable, material evidence," or when "even if these requirements were satisfied, the movant would not be entitled to the

---

[5]Because we remand for further proceedings consistent with this opinion, we do not address Patel's argument that the BIA erred in affirming the IJ's determination that Patel failed to establish her burden to show good faith.

discretionary grant of relief which" she seeks. INS v. Doherty, 502 U.S. 314, 323 (1992) (citing INS v. Abudu, 485 U.S. 94, 104–05 (1988)). In order to establish a prima facie case for adjustment of status, an alien must demonstrate that she is admissible. See 8 U.S.C. § 1255(a).

Here, the BIA declined to remand because it found that Patel did not establish that she would be eligible for adjustment of status.[6] Namely, the BIA concluded that Patel would likely be ineligible for adjustment of status on remand because of her "failure to establish the bona fides of the prior marriage [to Nilesh]," which the BIA held was "relevant in evaluating whether she is inadmissible under section 212(a)(6)(C)(i) of the [Immigration and Nationality] Act, 8 U.S.C. § 1182(a)(6)(C)(i), and whether she merits a favorable exercise of discretion." Though it disputes the bona fides of Patel's marriage to Nilesh, the government does not challenge Patel's marriage to her current husband, who filed the petition Patel seeks to have considered on remand.

Section 1182(a)(6)(C)(i) explains that "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure . . . admission into the United States or any other benefit provided under this chapter is inadmissible." However, Patel

---

[6]Though the BIA acknowledged that motions to remand must generally state new facts, it made no findings regarding the availability or materiality of the evidence supporting Patel's motion to remand, and we therefore will not consider in the first instance whether the evidence Patel relies on in her motion to reopen constitutes previously unavailable, material evidence. See INS v. Orlando Ventura, 537 U.S. 12, 17 (2002) (remanding where BIA had not yet considered argument presented before appellate court); see also Hernandez-Cruz v. Holder, 651 F.3d 1094, 1109 (9th Cir. 2011) ("[W]e can neither accept appellate counsel's post hoc rationalizations for agency action nor supply a reasoned basis for the agency's action that the agency itself has not given. Instead, our review is limited to the grounds upon which the record discloses that the agency's action was based." (internal citations and alterations omitted)).

faces no accusations of fraud or willful misrepresentation; the IJ declined to make an adverse credibility finding, and explicitly acknowledged that Patel "has not been charged with entering into a marriage by fraud, or for paying for a marriage." Instead, the instant proceedings established only that Patel failed to meet her burden to prove that her marriage to Nilesh was entered into in good faith for purposes of a hardship waiver—a question that is separate from any finding of fraud and which, in any event, must be reevaluated for the reasons articulated above. The BIA's reliance on § 1182(a)(6)(C)(i)'s mandate of inadmissibility for fraud in a case devoid of even an accusation of fraud fails to provide a rational explanation for its decision to decline Patel's motion for remand. Guled, 515 F.3d at 882. The BIA abused its discretion in denying Patel's motion for remand.

## III. Conclusion

We grant Patel's petition for review and remand for further proceedings consistent with this opinion.

———————————————————

-10-