**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2381
_____


DEYVI ALEXANDER DE LEON,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A214-261-311)
Immigration Judge: Jason L. Pope

_____

Submitted Under Third Circuit L.A.R. 34.1(a):
March 16, 2021

_____

Before: SHWARTZ, PORTER, and MATEY,
*Circuit Judges*.

(Filed: March 19, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge*.

Deyvi Alexander De Leon petitions for review of a final order of the Board of Immigration Appeals ("BIA"). The BIA's order (1) upheld a decision of an Immigration Judge ("IJ") denying De Leon's application for cancellation of removal under 8 U.S.C. § 1229b and (2) denied De Leon's motion to remand. We will deny De Leon's petition for review. We write for the parties, who are familiar with the record.

**I**[1]

Section 1229b(b)(1)(D) provides that an otherwise deportable alien may obtain cancellation of removal if he, among other conditions, "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." The BIA affirmed the IJ's finding that De Leon's child, mother, and father would not suffer "extremely unusual hardship" because of his removal, thus precluding cancellation of removal.

"We lack jurisdiction to review discretionary decisions made pursuant to 8 U.S.C. § 1229b, including 'exceptional and extremely unusual' hardship determinations." *Patel v. Att'y Gen.*, 619 F.3d 230, 232 (3d Cir. 2010) (citing 8 U.S.C. § 1252(a)(2)(B)(i)). Instead, "[o]ur jurisdiction . . . is 'narrowly circumscribed' . . . to 'colorable claims or

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a). Where, as here, "the 'BIA's opinion directly states that the BIA is deferring to the IJ, or invokes specific aspects of the IJ's analysis and factfinding in support of the BIA's conclusions,' we review both decisions." *Uddin v. Att'y Gen.*, 870 F.3d 282, 289 (3d Cir. 2017) (quoting *Oliva-Ramos v. Att'y Gen.*, 694 F.3d 259, 270 (3d Cir. 2012)).

questions of law.'" *Pareja v. Att'y Gen.*, 615 F.3d 180, 186 (3d Cir. 2010) (quoting

*Cospito v. Att'y Gen.*, 539 F.3d 166, 170 (3d Cir. 2008)); *see also* 8 U.S.C.

§ 1252(a)(2)(D). A claim is not colorable if "it is immaterial and made solely for the pur-

pose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Pareja*, 615 F.3d

at 186 (internal quotation marks omitted) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S.

500, 513 n.10 (2006)). We review questions of law de novo. *Serrano-Alberto v. Att'y*

*Gen.*, 859 F.3d 208, 213 (3d Cir. 2017).

As described in Part II, De Leon argues that the IJ violated his statutory, regula-

tory, and Fifth Amendment procedural due-process rights during the cancellation-of-

removal proceeding. In removal proceedings, "the alien shall have a reasonable oppor-

tunity . . . to present evidence on the alien's own behalf." 8 U.S.C. § 1229a(b)(4)(B). The

alien must demonstrate that a violation of § 1229a(b)(4)(B) prejudiced him. *See, e.g.*,

*Silais v. Sessions*, 855 F.3d 736, 745 (7th Cir. 2017) (to demonstrate a violation of

§ 1229a(b)(4)(B), the alien "must show 'prejudice such that the IJ's mistake impacted the

outcome of the proceedings'" (quoting *Pronsivakulchai v. Gonzales*, 461 F.3d 903, 907

(7th Cir. 2006))); *Patel v. Sessions*, 868 F.3d 719, 724 (8th Cir. 2017) (same); *see also*

*Ponce-Leiva v. Att'y Gen.*, 331 F.3d 369, 377 (3d Cir. 2003) (holding that an IJ did not

violate an alien's statutory right to counsel because the "facial lack of merit" to the

alien's claim meant any violation made no difference in the result of the proceedings). By

regulation, an IJ must also "[a]dvise" an alien that he "ha[s] a reasonable opportunity . . .

to present evidence in his . . . own behalf." 8 C.F.R. § 1240.10(a)(4) (2021).

Aliens also have a Fifth Amendment due-process right to a "fundamentally fair

3

[cancellation of] removal proceeding." *See Calderon-Rosas v. Att'y Gen.*, 957 F.3d 378, 386 (3d Cir. 2020). To establish a due-process violation, an alien must show that (1) "he was prevented from reasonably presenting his case" and (2) "the infraction has 'the potential for affecting the outcome of [the] deportation proceedings.'" *Serrano-Alberto*, 859 F.3d at 213 (internal quotation marks omitted) (first quoting *Fadiga v. Att'y Gen.*, 488 F.3d 142, 155 (3d Cir. 2007); then quoting *Cham v. Att'y Gen.*, 445 F.3d 683, 694 (3d Cir. 2006)) (emphasis omitted).

## II

### A

De Leon argues that the IJ violated his statutory, regulatory, and constitutional procedural rights in four ways during his cancellation-of-removal proceeding. All four arguments fail.

*First*, De Leon argues that the IJ violated his statutory right to "present evidence," 8 U.S.C. § 1229a(b)(4)(B), and his due-process right to "present[] his case," *Serrano-Alberto*, 859 F.3d at 213, when the IJ denied a continuance De Leon sought to give himself time to provide documentation at the cancellation-of-removal proceeding. Even assuming the IJ erred, this argument fails because De Leon cannot demonstrate that the lack of documentation at the proceeding prejudiced him, that is it had the potential to affect the outcome of the proceedings. *See Rusu v. INS*, 296 F.3d 316, 321 n.7 (4th Cir. 2002) (reviewing an alien's statutory and constitutional rights to present evidence in the same analysis and holding both claims failed because the alien could not demonstrate prejudice).

4

The IJ invited De Leon to testify regarding the contents of the documents he sought to present, and De Leon and his mother subsequently testified to the contents of the documents. The IJ found De Leon and his mother credible and relied on their testimony to find the facts that De Leon sought to establish through the absent documentation. For example, the documents included medical records De Leon sought to use to establish his father's dementia diagnosis and his mother's workplace injury. But the IJ did not need to see the documents because the IJ found that De Leon's father was beginning to suffer from a medical issue, possibly "Alzheimer's and dementia." A.R. 194. The IJ also found that De Leon's mother suffered an injury, rendering her unable to work.

The documents also included De Leon's income tax returns, which he wanted to use to establish that he provided for his child and parents. But the IJ did not need to see the tax returns because the IJ found that De Leon had filed the returns and was making sixteen dollars an hour as a sales representative before his detention. This finding removed the need to see the actual tax returns to understand the level of financial support De Leon provided to his child and parents. Other documents included evidence of citizenship for his child and father, but the IJ assumed that they were citizens in his decision. Lastly, the documents included letters from his pastor and landlord attesting to his good moral character. These documents were not relevant to the ground on which the agency based its decision; the BIA affirmed the denial of his cancellation-of-removal application because De Leon's child, mother, and father would not suffer an "extremely unusual hardship" as a result of his removal. A.R. 5. The BIA did not address whether De Leon

had a "good moral character," 8 U.S.C. § 1229b(b)(1)(B), as the letters attempted to show.

Relevant to the hardship determination, the IJ found the facts that De Leon sought to establish with the absent documentation. Nonetheless, the IJ found that De Leon had not demonstrated an "extremely unusual hardship" to De Leon's child and parents if he were removed. A.R. 192–96. Thus, De Leon has not shown that the denial of the continuance violated due process because it did not prejudice him, regardless of an alleged statutory or constitutional violation.[2]

*Second*, De Leon argues that the IJ did not tell him that he could "present his own affirmative testimony in narrative form or any other form." Pet'r Br. 41. De Leon claims that this alleged omission would violate the IJ's regulatory obligation to "[a]dvise" him that he would "have a reasonable opportunity . . . to present evidence in his . . . own behalf," 8 C.F.R. § 1240.10(a)(4), and his due-process right to "present[] his case," *Serrano-Alberto*, 859 F.3d at 213. The record contradicts De Leon's claim. At his removal proceeding, the IJ read De Leon his rights, including "the right to present your own evidence, including documents, witnesses and your own testimony." A.R. 218. Later, at the cancellation-of-removal proceeding, the IJ invited De Leon to testify on his

---

[2] De Leon also argues that the IJ abused his discretion when he refused to grant a continuance so that De Leon could submit his documentation. *See generally Hashmi v. Att'y Gen.*, 531 F.3d 256, 259 (3d Cir. 2008). Like De Leon's statutory and due-process claims regarding the denial of the continuance, this claim requires De Leon to demonstrate that the refusal to grant the continuance prejudiced him. *Matter of Sibrun*, 18 I. & N. Dec. 354, 356 (BIA 1983). As shown in the analysis of De Leon's statutory and due-process claims regarding the continuance, De Leon has not demonstrated prejudice, so this claim fails.

6

own behalf, an invitation De Leon accepted. Thus, the IJ sufficiently advised De Leon of his right to testify.

*Third*, De Leon argues that he "was not given the opportunity to call his father as a witness," Pet'r Br. 47–49, in violation of his statutory right to "present evidence," 8 U.S.C. § 1229a(b)(4)(B), and his due-process right to "present[] his case." *Serrano-Alberto*, 859 F.3d at 213. Again, even assuming the IJ erred, this argument fails because the lack of testimony from his father did not prejudice De Leon or have the potential to do so. *See Davis v. Lynch*, 802 F.3d 168, 177 (1st Cir. 2015) (requiring the alien to show that the exclusion of evidence prejudiced his case).

De Leon asserts that De Leon's father would have testified regarding "the severity and progression of [his] father's illness, the ability of his mother to take care of his father now and in the future, and the hardship [De Leon]'s deportation would have on his parents." Pet'r Br. 48–49. But De Leon and his mother extensively testified to these issues, and the IJ found them credible. Thus, the IJ did not need to hear further testimony from De Leon's father to establish a record on these issues, and any alleged exclusion of De Leon's father's testimony did not prejudice De Leon or have the potential to do so.

*Fourth*, De Leon argues that by failing to "follow[] up" with questions for De Leon and his mother after their testimony the IJ did not "fully develop the record as required by the Due Process clause, statutes, and regulations." Pet'r Br. 51. De Leon cites no statute or regulation requiring the IJ to develop the record by asking the alien particular questions to strengthen his case. Further, in *Serrano-Alberto*, we expressly declined to

7

hold that an IJ had an affirmative obligation to develop the record under the Fifth Amendment's Due Process Clause. 859 F.3d at 224 n.8.

**B**

In addition to his appeal, De Leon filed a motion to remand with the BIA based on the IJ's denial of De Leon's motion to reconsider the IJ's decision. De Leon claims that the BIA abused its discretion in denying De Leon's motion for remand "because it engaged in no actual . . . review" of the IJ's denial of his motion for reconsideration. Pet'r Br. 53. On the contrary, the BIA considered and denied De Leon's motion, so this argument fails. De Leon also claims that the BIA erred in treating De Leon's motion for remand as a motion to reopen, potentially preventing De Leon from filing a motion to reopen in the future. Section 1229a(c)(7)(A) provides that "[a]n alien may file one motion to reopen" in immigration proceedings subject to certain exceptions. De Leon fears that if he chooses to file a motion to reopen in the future, the BIA might deny it because it believes De Leon has already used his one opportunity to file a motion to reopen. De Leon's argument fails because it is not ripe; he does not indicate that he intends to file a motion to reopen, and the BIA has not denied this hypothetical motion.

\*     \*     \*

For the foregoing reasons, we will deny the petition for review.